DANIEL T. PATTON, APPELLANT, VS. MARION O. CRUMPLER, APPELLEE.

BILL TO REMOVE CLOUD—POSSESSION OF COMPLAINANT.

Where a deed or other instrument of writing exists, apparently valid on its face, but in fact invalid, and which may be vexatiously or injuriously used after the evidence to impeach it is lost, or which may throw a cloud over complainant's title, and he can not, being in possession, establish his right by any course of proceeding at law, a court of equity will afford him relief ; but where his title is legal in its nature, he must be in possession before he can invoke the aid of a court of equity to remove a cloud from his title.

Appeal from the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the court.

*John C. Jones* and *J. Hugh Murphy* for Appellant.

*Marion O. Crumpler in pro. per.*, for Appellee.

MABRY, J. :

Appellant, as complainant, filed a bill in the Orange county Circuit Court against appellee, to remove an alleged cloud from the title of certain real estate situated in said county. The bill alleges that "your orator" (appellant here) "is the owner of a tract of land in Orange county, Florida, by patent from the United States of America, consisting of one hundred and sixty acres of land, more or less, and described as follows, to-wit : The NW¼ of SE¼, and the W½ of the NE¼, and the NE¼ of NE¼ of section 3, township 21, S. of range 28 East. Your orator shows that the above described premises owned by your orator were valued for purposes of taxation at the sum of eight hundred dollars, and the sum of thirteen dollars was assessed against your orator and upon said premises as State and county taxes for the year 1884. Your orator shows that on the 3d day of July, 1885, the collector of revenue for Orange county filed in the county clerk's office a delinquent list of tax-payers, and published notice of all the lands embraced in said delinquent list, among which was the land of your orator as hereinbefore described. Your orator further shows that

on the 6th day of July, 1885, at a public sale of lands
for delinquent taxes due and remaining unpaid thereon
for the year 1884 as aforesaid, the said collector sold
the said land of your orator to one M. O. Crumpler,
defendant in this cause, and issued the usual certificate
therefor, to-wit: Tax-certificate No. 84. That after-
wards, to-wit: On the 7th day of July, 1886, T. J.
Shine, Clerk of the Circuit Court of said State, county
and circuit, made and executed a tax deed to said
Crumpler for said lands hereinbefore described, based
upon said certificate, the consideration of said deed
being $14.84, said deed being recorded in said clerk's
office, in Book of Tax Deeds, No. 2, page 127, July
7th, 1886. Your orator shows that not until recent date
did he know that his land had been sold for taxes ;
that as soon as your orator became aware of said sale,
your orator did demand a quit claim deed of said
Crumpler, and did tender said Crumpler, by orator's
attorney, the sum of $100 for said quit claim deed,
which deed and tender were refused by said Crumpler.
Your orator shows that the tax assessor of said county
did not visit and inspect said above described land be-
fore he affixed a valuation thereon, nor was he pre-
viously personally acquainted with its value for pur-
poses of taxation, and that said assessment for said
year was illegal, irregular and void. Your orator
shows that the above described real estate consisted of
four government forties, embracing 160 acres of land,
more or less ; that said property was susceptible of a
division. That the collector of revenue at said sale of
said property for said taxes for said year, instead of

selling the least number of acres of said real estate from the southeast corner of the same, sufficient to pay the taxes of $13 and costs and charges, sold the entire tract of 160 acres to M. O. Crumpler for the paltry sum of $13, the assessed value of said property (if legal) being the sum of eight hundred dollars. That said sale was illegal, void and irregular, and calculated to deprive your orator of his rights and property contrary to law. Your orator shows that said tax deed is a cloud on the title of your orator's land, and tends to depreciate the value thereof, and ought therefore to be set aside and declared null and void, and to be delivered up to be cancelled under the directions of the court." The bill concludes with prayer for process, and that said tax deed be set aside as a cloud upon complainant's title to said land.

Upon a failure to plead, answer or demur, after service of process, and the entry of an appearance on the part of respondent, a decree *pro confesso* was regularly entered against him. On the application of said respondent the decree *pro confesso* was set aside and he was permitted to answer. A plea was first filed, and upon this being overruled, respondent filed an answer, to which the complainant filed a replication. Testimony was taken, and upon the cause coming on for final hearing the chancellor dismissed the bill, and from this decree the complaint below appeals to this court.

It is contended by appellant that the action of the court in vacating the decree *pro confesso* and permit-

ting the respondent below to answer the bill, was erroneous, and for this error the decree dismissing the bill should be reversed. If complainant below, and appellant here, can not, under his bill, obtain the relief prayed for, the decree dismissing it should be affirmed, and this without reference to the correctness of the order opening the default and permitting respondent to answer. This is true, because, if we were to ascertain that the action of the chancellor in opening the default was not in accordance with the rules of practice in such cases, but still no relief can be given complainant under his bill, no error would be committed in dismissing the bill. Marks vs. Baker, 20 Fla., 920. A consideration of the record satisfies us that no decree could have been rendered in favor of complainant under his bill, and hence the decree of the chancellor must be affirmed. The bill is one to remove an alleged cloud from the title to real estate. The title to the property in question as disclosed by the bill is legal in its nature, as distinguished from one that is of an equitable character. We observe that there is nothing in the bill, nor in the record, to indicate that the character of the land in question is wild. The title to the land claimed by appellant not being equitable, and it not appearing that the character of the land in question is wild, it is not necessary to determine what is the rule under such circumstances. The general rule, and the one established by this court, is, that where the complainant's title is legal in its nature, he must be in possession before he

37

can invoke the aid of a court of equity to remove a cloud from his title. Sloan vs. Sloan, 25 Fla., 53, 5 South. Rep., 603; Haworth vs. Norris, 28 Fla., 763, 10 South. Rep., 18. If either party should be in possession, an action of ejectment could be instituted to test the validity of the supposed nebulous title. And where a deed or other instrument of writing exists, apparently valid on its face, but in fact invalid, and which may be vexatiously or injuriously used after the evidence to impeach it is lost, or which may throw a cloud over complainants' title, and he can not, being in possession, immediately establish his right by any course of proceeding at law, a court of equity will afford him relief. 2 Am. & Eng. Ency. of Law, 298, sec. 2, and authorities cited in notes. The bill alleges that the land in question was sold to appellee in 1885, for the non-payment of taxes assessed during the year 1884, and that in 1886 the Clerk of the Circuit Court of Orange county made and executed to appellee a tax deed in pursuance of said sale. This tax deed, it is alleged, was recorded in Orange county in July, 1886, and before the filing of the bill in this case. The bill alleges that complainant was the owner of the land, but it does not otherwise allege any possession of the land on his part; and looking beyond the bill to the testimony, it does not show any possession by the complainant. Appellant contends here that his possession has been conceded by appellee throughout the case. We have not set out the plea or answer of respondent because it is not deemed necessary to do so, but in neither is the absence of an alle-

gation or possession on part of complainant relied upon as a defense to this proceeding. There is no admission, however, anywhere in the record that appellant was in possession of the land at the institution of the suit. Under the rule in force here, it devolves upon the complainant to allege, and prove when denied, the facts which constitute the grounds for equitable interposition, and an essential ground for the exercise of such jurisdiction to remove a cloud from title, where the complainant's title is legal, is that he must be in possession. This essential fact is not even alleged in the bill before us, and upon complainant's own showing he is not entitled to any decree.

The decree of the chancellor dismissing the bill must be affirmed, for the want of jurisdiction but without prejudice, and it is so ordered.