THOMAS C. WATSON, APPELLANT, VS. T. R. HOLLI-
DAY, APPELLEE.

The settled rule in this State, that in bills to remove clouds from the
title to real estate, it must be shown that complainant was in
possession of the land when the bill was filed, or that the land
was wild and unoccupied, is decisive of this case, as the bill
filed for the purpose stated and dismissed, does not allege any
possession on part of complainant, or that the land was wild
and unoccupied.

Appeal from the Circuit Court for Jackson
county.

The facts in the case are stated in the opinion of the
court.

John H. Carter, for Appellant.

Francis B. Carter, for Appellee.

MABRY, C. J.:

The object sought to be accomplished by the bill
filed in this case on the part of appellant against ap-
pellee is the removal of a deed based upon a tax sale
alleged to be a cloud upon the title to real estate
claimed by appellant.

The amended bill of complaint, the one relied upon
in the case, alleges that appellant was the owner in
fee simple of the W. ½ of the S. E. ¼ of section 35,
township 5, range 12, N. and W., to which appellee
claimed title by deed, but that said deed was invalid
and constituted a cloud upon the title of the former.
The source of appellant's title to the land and its de-
raignment to him are set out, and it is stated that said

land was sold in 1884 for the taxes of 1883 to the State, and that the State's certificate of purchase was transferred to one Tharpe, who obtained a deed thereon in 1887, and conveyed to appellee. The tax deed and all proceedings subsequent to the assessment are alleged to be void on grounds stated, and the special prayer is, that the deed to appellee, and the tax deed to his grantor be delivered up and cancelled, that the court decree the title of complainant as against appellees, and all persons claiming by or through him, and for possession of the land. The original answer, the allegations of which are retained so far as applicable to the amended bill, and the answer to said bill, allege certain matters as a defense, but in view of the disposition of the case here, it is not necessary that all such matters of defense be inserted in this opinion. The answer reserves the following as ground of demurrer to be argued upon the hearing of the case, *viz:* "that the complainant has not in and by his said bill made or stated such a case as doth or ought to entitle him to the relief thereby prayed." After replication the cause was heard on bill and answers and was dismissed at appellant's cost.

There is no allegation in the bill that appellant was in possession of the land, nor is it stated that the land was wild or unoccupied. All the allegation in reference to this matter is, that appellant was the owner in fee simple of the land. The rule is definitely settled in this court that in bills to remove clouds from the title to real estate, it must be shown that complainant was in possession of the land when the bill was filed, or that the lands are wild and unoccupied. Sloan vs. Sloan, 25 Fla. 53, 5 South. Rep. 603; Haworth vs. Norris, 28 Fla. 763, 10 South. Rep. 18; Patton vs.

Crumpler, 29 Fla. 573, 11 South. Rep. 225; Graham vs. Florida Land & Mortgage Co. 33 Fla. 356, 14 South. Rep. 796.

Counsel for appellant insists that the chancellor did not base his ruling in dismissing the bill on the ground that no possession of the land on the part of appellant was alleged, and that the objection now urged in the bill on that account should not be considered. After reciting the coming on of the hearing of the cause, the decree adjudges "that said answers present valid defenses to said bills, and that the said original and amended bills of complaint be and the same are hereby dismissed at the cost of complainant."

Objection as to the equity of the bill was raised by the answers, and we can not say upon what grounds the court based its decision. But the defect in the bill pointed out is one extending to the jurisdiction of the court, as decided in the cases referred to, and we think it is fatal to the bill before us.

The decree will be affirmed.