GEORGE W. RICHARDS, APPELLANT, VS. JOHN H. M. MORRIS, HOWARD M. GRISWOLD AND ABRAM G. MUNN, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF JOHN P. MORTON, DECEASED, APPELLEES.

A bill to remove a tax deed as a cloud upon the title to real estate belonging to complainant is demurrable when it is not alleged that complainant was in possession of the land at the time of filing the bill, or that the land was wild, unimproved and unoccupied.

Appeal from the Circuit Court for Sumter county.

The facts in the case are stated in the opinion of the court.

*Arthur F. Odlin*, for Appellant.

*Shackleford & Simonton*, for Appellees.

MABRY, J.:

In June, 1892, appellees, as executors of the last will and testament of John P. Morton, deceased, filed a bill against appellant to remove tax deeds held by him and of record to certain described lands situated in Sumter county, Florida.

The bill alleges that John P. Morton departed this life in Louisville, Kentucky, on the 19th day of July, 1889, seized in fee and possessed of the lands, and that he left a last will and testament, in which appellees were named as executors, and that said will was duly admitted to probate in the County Court of Jefferson county, State of Kentucky, as shown by a certified copy of the will and probate thereof, duly authenticated under the act of Congress, and made a part of the bill. It is further alleged that the lands were sold for taxes and appellant acquired tax deeds for the same, but that said deeds were void and conveyed no legal title by reason of various specified irregularities and defects in the tax sale proceedings, though under the laws of this State said deeds were *prima facie* valid, and cast a cloud upon the title to said lands. The bill specifies in detail the defects and irregularities in the tax proceedings relied on as grounds for avoiding the tax deeds, but there is no allegation that the lands were wild, unimproved and unoccupied, or that complainants were in possession of the lands at any time after the death of their testator, and before the filing of the bill.

A demurrer to the bill was overruled, and from this ruling an appeal was taken.

The sole contention in this court is based upon the second ground of the demurrer, which is that there is

no allegation that complainants, appellees here, were in possession of the lands at the time of filing the bill. Conceding that appellees have the right to file a bill to remove a cloud from the title to the lands under the will of their testator, in reference to which there is no contention before us, we are of the opinion that the ground of the demurrer stated was good under the decisions of this court, and that the court erred in overruling the demurrer. Sloan vs. Sloan, 25 Fla. 53, 5 South. Rep. 603; Haworth vs. Norris, 28 Fla. 763, 10 South. Rep. 18; Patton vs. Crumpler, 29 Fla. 573, 11 South. Rep. 225; Graham vs. Florida Land & Mortgage Co., 33 Fla. 356, 14 South. Rep. 796; Watson vs. Holliday, 37 Fla. 488, 19 South. Rep. 640.

The decree of the court below is reversed, with directions that the demurrer be sustained, and complainants have leave to amend the bill if they desire to do so.