DAVID R. CLEM, APPELLANT, VS. FRANK R. MESEROLE, HARRY L. RICE, ARTHUR F. ODLIN AND CARRIE B. LINDSEY, APPELLEES.

BILL TO REMOVE CLOUD. ON TITLE—POSSESSION MUST. BE ALLEGED.

Where the complainant's title to real estate is a legal one, he must be in **possession** in order to maintain a suit in equity to remove a cloud from such title, unless the land is wild, unimproved and so unoccupied as not to destroy the constructive possession that follows the legal title; and the bill must allege such possession, or such unoccupied condition of the land, else it is subject to demurrer for want of equity.

Appeal from the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the court.

L. D. Browne (with whom was R. H. Terry on the brief) for Appellant;

Arthur F. Odlin, for Appellees.

PER CURIAM.

This cause being reached in its regular order on the docket was referred by the court to its commissioners for investigation, who report the same recommending affirmance.

Upon due consideration the court finds that the original and amended bills in the case alleged the complainant, appellant, to be the owner of the legal title to certain real estate in Orange county, and that a certain judgment, sheriff's sale and deed thereunder of said premises, and certain subsequent conveyances thereof by the purchaser at ssuch sheriff' sale and certain subsequent mortgages thereof were illegal, null and void, and prayed that the same might be so declared and canceled of record. The bill is essentially one by the alleged owner of the legal title to real estate seeking the removal of alleged clouds upon such title, but the bill omits to allege whether the complainant therein was *in possession* of the lands *at the time of the filing of his bill*, though it does allege that he had been in possession thereof about three years previously thereto, and it shows that some of it, at least, was improved with dwelling-houses and orange groves. The bill as amended was demurred to on the ground of a want of equity. This demurrer was sustained and the bill dismissed, from which decree the appeal is taken.

It has been settled here by a long line of decisions that where the complainant's title to real estate is a *legal* one, he must be *in possession* of the premises in order to maintain a suit in equity to remove a cloud from such title, un-

less the land is wild, unimproved and so unoccupied as not to destroy the constructive possession that follows the legal title, and the bill must allege such possession or such unoccupied condition of the land, else it will be subject to demurrer for want of equity.    Cavedo v. Billings, 16 Fla. 261; Conant v. Buesing, 23 Fla. 559, 2 South. Rep. 882; Sloan v. Sloan, 25 Fla. 53, 5 South. Rep. 603; Haworth v. Norris, 28 Fla. 763, 10 South. Rep. 18; Patton v. Crumpler, 29 Fla. 573, 11 South. Rep. 225; Gamble v. Hamilton, 31 Fla. 401, 12 South. Rep. 229; Graham v. Fla. Land & Mort. Co., 33 Fla. 356, 14 South. Rep. 796; Winn v. Strickland, 34 Fla. 610, 16 South. Rep. 606; Woodford v. Alexander, 35 Fla. 333, 17 South. Rep. 658; Levy v. Ladd, 35 Fla. 391, 17 South. Rep. 635; Brown v. Solary, 37 Fla. 102, 19 South. Rep. 161; Watson v. Holliday, 37 Fla. 488, 19 South. Rep. 640; Richards v. Morris, 39 Fla. 205, 22 South. Rep. 650. There was, therefore, no error in sustaining the demurrer to the bill. It is, therefore, hereby considered, ordered and adjudged that the decree of the court below appealed from in said cause be and the same is hereby, affirmed, at the cost of the appellant, but without prejudice to his right to file another bill as he may be advised, if in position to allege possession in himself of the premises involved.