SAMUEL J. SIMMONS, APPELLANT, VS. STEVEN J. CARLTON, APPELLEE.

44     719
54     507

1. A bill to remove a cloud upon title must allege that the complainant is not only the owner, but that he is in possession of the land the title to which is alleged to be clouded, or that it is wild and unoccupied.

2. Prior to the enactment of Chapter 4739, acts of 1899, where the instrument or proceeding complained of as constituting a cloud upon title was void upon its face, or where the instrument was not void upon its face, but the party claiming under it, must in order to recover upon it have necessarily offered evidence that would inevitably show its invalidity and destroy its effect, such instrument was not such a cloud upon title as that a bill in equity would lie to remove it.

Appeal from the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*Hammond & Brady,* for Appellant.

*G. A. Hanson,* for Appellee.

PER CURIAM.

This cause was referred by the court to its commissioners for investigation, and they report that the decree appealed from ought to be reversed.

From the abstracts of record it appears that on February 20, 1897, appellee filed in the Circuit Court of DeSoto county an amended bill of complaint in which he alleged that the property involved in said suit, consisting of certain real estate therein described, was sold under an execution in favor of the Emerson Fisher Company against Steven J. Carlton for the sum of $49.88 principal, $1.08 interest, and $28.03 costs and attorneys' fees, making a total of $78.99, which was issued by the Circuit Court of DeSoto county upon a judgment obtained in the County Court of said county, upon the filing of a transcript of said judgment in the office of the clerk of said Circuit Court; that the execution and the sale made thereunder were illegal and void for the reason that the County Court which had jurisdiction of the cause of the Emerson Fisher Company against said Steven J. Carlton, and which rendered the judgment against him, was a court of civil jurisdiction up to $500, under the constitution of Florida, with full power to issue and carry into effect all of its own judgments, and that the Circuit Court had no jurisdiction to issue an execution on a judgment rendered in said County Court, and that the proceedings, so far as the sale was concerned, were invalid and void. The bill prayed that the scriff's sale be set aside; that the deed made by him be delivered up and cancelled, and that the execution be quashed and held for naught.

On April 28, 1897, the appellant Samuel J. Simmons filed his answer to the amended bill in which he admitted

that the judgment under which said land was sold was obtained in the County Court of DeSoto county for the sum alleged; that a transcript thereof was filed in the office of the clerk of the Circuit Court of said county; that the execution issued thereon was issued by the clerk of that court, and that the sale of the property described in the bill was made under that execution; but denied that the execution was illegal, and alleged that same was legal in every respect. The complainant introduced in evidence a certied copy of the judgment of the county court, the advertisement of the sheriff's sale under the execution issued by the circuit clerk upon such judgment and the sheriff's deed in pursuance of such sale, purporting to convey the property described in the bill to appellant, and the latter having offered no testimony the court upon final hearing decreed that the execution be annulled, cancelled and held for naught; that the title to the lands described in the bill be quieted so far as the execution and sheriff's deed affects same, and that the deed made by the sheriff in pursuance of such sale be declared null and void, and that it be cancelled of record and held for naught. From that decree this appeal was taken.

We have stated in full the pleadings as given in the abstracts of record which have not been excepted to. It will be perceived that the bill does not state the date of the judgment and execution, or of the sale sought to be annulled; nor does it allege that appellant purchased at such sale, nor that he claims any interest in the property described therein. A more serious defect will be noticed also in this, that the bill fails to allege that the appellee was the owner and in possession of the property from

46 S. C.

which the bill sought to remove a cloud, nor does it allege that the land was wild and unoccupied. The absence of these latter allegations has more than once been held by this court to be a fatal defect in bills of this character. Clem v. Meserole, 44 Fla. 191, 32 South. Rep. 783, and other Florida cases cited therein.

But there is another defect, and that is that the character of the alleged cloud as disclosed by the bill is such that equity will not interfere to remove it, but leave the party to his remedy at law. In Sloan v. Sloan, 25 Fla. 53, 5 South. Rep. 603, the rule is stated as follows: "Where the instrument or proceeding complained of as constituting a cloud upon title is void upon its face, or where the instrument is not void upon its face, but the party claiming under it must, in order to recover upon it, necessarily offer evidence that will inevitably show its invalidity and destroy its effect, such instrument is not a cloud upon title within the legal definition of the term." Barnes v. Mayo, 19 Fla. 542; Reyes v. Middleton, 36 Fla. 99, 17 South. Rep. 937. In the case of Clem v. Meserole, 44 Fla. 234, 32 South. Rep. 815, it is held that in actions involving title under execution sale the holder of such title can not introduce in evidence his deed or the execution without also introducing the record of the judgment if insisted upon by the adverse party This being so, it necessarily follows that the appellant could not maintain in a court his title to the property purchased at the sheriff's sale without introducing evidence, to-wit: the record of the judgment, upon production of which it would inevitably appear that the judgment emanated from the County Court, and, therefore, if it be true as contended by appellee that a Circuit Court execution can not be issued upon

a county court judgment, a transcript of which has been. filed in such Circuit Court, his own proof would show that his title is invalid. The bill in this case was filed and the decree rendered prior to the enactment of Chapter 4739, acts of 1899.

The decree of the Circuit Court is reversed and the cause remanded with directions to dismiss the bill, but without prejudice to the right of appellee to institute any other proceedings, legal or equitable, as he may be advised.