CHARLES B. RICE, APPELLANT, v. THEON CUMMINGS AND SALLIE E. CUMMINGS, HIS WIFE, APPELLEES.

1.  A court of equity which has entered up a deficiency judgment against a woman, in ignorance of the fact of her coverture, may four years thereafter vacate such judgment upon the petition of such woman and her husband, in the absence of laches or intervention of the rights of third parties.

2. A deficiency decree or judgment, though entered in a court of equity consequent upon a foreclosure sale, is not a "charging in equity" of a married woman's separate estate.

3. When both parties are guity of laches and looseness as to time and manner of taking testimony, the court will not be reversed for permitting it to stand, no substantial injury appearing.

4. Objections to specific questions not presented to the Chancellor will not be considered here.

This case was decided by Division A.

Appeal from the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the Court.

*Daniel Campbell & Son,* for Appellant.

*Maxwell & Reeves,* for Appellees.

COCKRELL, J. On September 8th, 1900, Theon Cummings and Sallie E. Cummings, his wife, filed their petition in the Circuit Court for Walton county to dismiss a certain levy executed August 2, 1900, and to vacate certain deficiency decrees and executions entered and awarded in 1896, under which the said levy was made.

The petition alleges in brief that in 1895, Charles B. Rice filed his bill against Sallie E. Cummings alone to foreclose five mortgages in favor of one C. W. Webster executed by her only; that at the time of the execution and long thereafter her husband Theon Cummings was in Colorado in bad mental and physical condition and knew nothing of the making of the mortgage nor of the

foreclosure proceedings; that to the bill of foreclosure Sallie E. Cummings through an attorney at law filed her plea of coverture and pending negotiations for a compromise settlement; that her attorney learning of the negotiations and after an unsuccessful attempt to reach her, withdrew the plea, whereupon decrees pro confesso and final decrees of foreclosure were entered while negotiations for a compromise settlement were still pending, all of which matters were fully known to the said Rice, but not to the said Theon Cummings, and that the said Sallie E. Cummings was ignorant of this withdrawal and the subsequent proceedings till she saw the advertisement of the foreclosure sale; that thereafter deficiency decrees in each of the five suits were enterd against her, upon two of which executions were promptly sued out, which were levied by the sheriff upon her separate statutory property but upon steps being taken to resist the sheriff desisted from further effort until August 2, 1900; that the property so levied upon was not included in any of the mortgages nor purchased with the money nor any part thereof to secure the payment of which the mortgages were given; that in July, 1900, executions obtained upon the other judgments without notice; that the petitioner Sallie E. Cummings spent the winters and springs in Walton county and the year 1900 remained until July 6, when she left for Wisconsin, and that on July 9th, without the knowledge of either of petitioners the executions were levied; that by reason of the executions remaining dormant and being advised that the deficiency decrees and executions were void because of the coverture, and by reason that the said Rice did desist in 1896 from further pursuing the levy and by reason of the financial embarrassment of the petitioner and the ill health and consequent ignorance of the facts on the part

of Theon Cummings no steps were taken to vacate the said decrees 'and executions, and that the rights of no innocent purchaser have intervened. The petition is sworn to by Sallie E. Cummings. A motion by Charles B. Rice to quash this petition was denied, whereupon an answer was filed calling for strict proof of the coverture, averring that the notes and mortgages were assigned to him for full value and without notice; that pending the foreclosure the said Sallie E. Cummings called upon him in Chicago and offered as a compromise a deed to part of the land to be signed by herself and her alleged husband who she stated was in California, conditioned upon a release of the rest of the property and a postponement of the foreclosure; but that he refused to negotiate without proof of the existence of the husband, but thereafter agreed so to do if she would produce her husband within three days; that several months thereafter she again called and stated she had heard that her attorney had forsaken her because she had refused to give him part of the land and that the property had been sold and that she had been unable to locate her husband whom she had heard was dead; that he was requested to deliver to Mrs. Cummings a letter from her attorney withdrawing from the case but that he could not do so in person and had placed it in the postoffice in Chicago and had heard nothing further of it; that he did not at any time agree to postpone the proceedings; that he knows nothing as to any steps heretofore taken to resist the satisfaction of the judgments; many allegations of the petition are admitted and proof as to others demanded. To this answer the general replication was filed.

Evidence was taken and upon final hearing the prayers of the petition were granted. From this an appeal was

taken and errors are assigned upon the order overruling the motion and upon the final decree.

No attack has been made upon the validity of the decrees establishing the lien upon the mortgaged property and ordering the sale thereof to enforce the lien nor upon the validity of sales, nor upon the supplemental decrees in so far as they confirmed those sales, but only upon the general money judgments contained therein; our practice permitting the complainant in foreclosure case to obtain in the same proceeding a deficiency judgment without the necessity of restoring to a separate action in another forum. This deficiency decree or judgment however does not obtain additional virtue by being born in a court of equity and is at last but a judgment at large and as such is without force against a married woman, nor can it by any process of reasoning be converted into a "charging in equity a married woman's separate estate, nor a sequestration of the rents, issues and profits thereof"— the only method under our constitution and laws whereby her separate estate may be subjected *in invitum* to the payments of her debts.

It would be usurpation of authority upon the part of a court in this State to decree a *general personal judgment* against a married woman, not a free dealer, and as to the force and effect of the "free dealer" statute, we express no opinion, and if such judgment or decree be in form rendered, it could only be attributed to a fraud upon the court, a suppression of the fact of coverture, or such ignorance of a constitutional right in her behalf, as would in law avoid the judgment.

It is immaterial to consider what effect should be given to a misrepresentation in the making of the mortgage on the part of the mortgagor that she was feme sole; the estoppel could only go to the validity of the mortgage as

a lien, and thus far it has been enforced without question, or it might become a basis for charging under constitutional limitations her other separate estate in equity, but that is not before us. There is no basis for an estoppel as to the husband, who is given substantial rights in his wife's property, nor are his rights impaired by his continued absence in another State, and the wife has promptly availed herself of her constitutional shield, when and as often as an actual attempt has been made to assail it.

Upon the facts set forth in the petition the court, whose process was being used in violation of a constitutional right, based upon a judgment that it should not and could not, within the limits of the law have entered, would be authorized to stay that process and vacate that judgment.

The proof was sufficient to sustain the petition and the decree was proper. We see nothing in the decision of the court permitting the testimony to stand; there was laches and looseness upon both sides as to time and manner of examining witnesses and the discretion of the court was not abused, nor was substantial injury done. The objections to specific questions were not passed upon by the court, nor called to his attention so far as we are advised, and will not therefore be considered here.

The decree appealed from was right and it is accordingly affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR and HOCKER, JJ., concur in the opinion.

PARKHILL, J., disqualified.