E. E. ROPES, APPELLANT, v. LEOPOLD GOLDMAN, JOHN N. LAKE AND W. B. TAYLOR, AS EXECUTORS OF THE LAST WILL OF WILLIAM McCABE, DECEASED, APPELLEES.

1. A decree in equity cannot be attacked collaterally by a party to the suit in which it was rendered, because of alleged mistakes made by the chancellor in construing the testimony.

2. A bill in equity which attacks and seeks to set aside a decree rendered in another suit as a cloud on the title to complainant's land which does not allege that the decree attacked was obtained by fraud under such circumstances as will give jurisdiction to a court of equity or that the complainant's title was equitable, or that the lands were wild and uncultivated, or that he was in possession of them, shows no grounds for equitable relief.

This case was decided by Division B.

Appeal from the Circuit Court for Volusia County.

## STATEMENT.

E. E. Ropes, the appellant, on the 28th of August, 1905, filed in the Circuit Court of Volusia County in chancery what purports to be a bill in chancery the introductory part of which is as follows:

"To the Honorable Minor S. Jones, Judge of said Court:

E. E. Ropes, of the County of Volusia and State of Florida, complainant, says: That on 2nd of March, 1900, William McCabe of the city of Toronto, Canada, filed a bill in chancery against him to set aside a deed made to him by the Sheriff of the Supreme Court of Florida conveying to him said McCabe's interest in the following lands

situate in Volusia County and State of Florida (describing the lands) : that on the 2nd day of April, 1903, your Honor made a final decree in said cause setting said deed aside, and also by mistake decreeing to said McCabe the undivided half of Sec. 45, T. 16, R. 29, which had as shown by the testimony and the written agreement of the parties, filed in said cause, belonged to complainant for many years prior to the execution of said Sheriff's deed; that this court erred in said matter; that said cause was dismissed January 11th, 1902, and erroneously and without notice to complainant was reinstated March 11th, 1902; that this court had no jurisdiction to set aside a sale made under the authority of the Supreme Court of Florida; that said final decree is erroneous and ought to be set aside for many apparent errors and imperfections." Complainant then recites his former attempts to get these matters before this court as reported in Ropes v. McCabe, 47 Fla. 289, 36 South. Rep. 715, and Ropes v. Goldman, 50 Fla. 601, 39 South. Rep. 16, erroneously stating that this court had expressed the opinion: "It may be that the time limit for taking an appeal where the party dies within six months after it is rendered, will begin to run from the date of the order of revivor instead of from the date of the decree." This court made the suggestion in the quoted language, but expressed no opinion upon the question. Complainant alleges that Goldman, Lake and Taylor are the executors of McCabe, and prays that they be required to file in this cause a certified copy of said last will of said McCabe, and to state the names and places of residence of all other persons interested as heirs, legatees or otherwise in this suit, if such there be. Complainant then prays that said final decree be vacated, and that subpoenas issue against Leopold Goldman, John N.

Lake and William B. Taylor as executors of the last will of McCabe returnable to the Rule Day in course.

The defendants demurred to this bill, on the grounds in substance that it was without equity; that it was not filed until after the expiration of more than six months after the entry of the decree sought to be reviewed; that it does not show the specific errors alleged to exist in the decree sought to be reviewed, and that it does not appear by the bill that any errors or law are apparent on the face of the decree, or in the proceedings sought to be reviewed.

On a hearing this demurrer was sustained and the bill was dismissed. From this decree an appeal was taken to this court.

*E. E. Ropes, in pro per;*

*Stewart & Bly,* for Appellees.

HOCKER, J. (*after stating the facts*) : The assignments of error are based on the decree sustaining the demurrer and discussing the bill. The bill is exceedingly informal, having no introductory clause naming the defendants and stating its character. The appellees insist that it was intended as a bill of review, and argue it from that standpoint. The appellant contends that it is not a bill of review, but a bill to remove a cloud from his legal title to the lands described in it. The bill attacks the decree which is claimed to be a cloud on his title on two grounds. The first ground is that the Chancellor in making the decree, made a mistake in decreeing to McCabe the undivided half of Section 45, T. 16, R. 29, which the written agreement of the parties filed in the case showed

to be the property of the complainant Ropes. It is plain that a decree cannot be attacked collaterally by a party to the suit in which it is rendered because of mistakes made by the Chancellor in construing the testimony. Black on Judgments (2nd ed.) Sec. 262. The second ground of attack is that the Circuit Court did not have jurisdiction to entertain a suit to set aside complainant Ropes' deed, because that deed was made. by the Sheriff of this (Supreme) Court, and under its authority. We think it unnecessary to go into this question further than to say that taking the bill as one to remove a cloud the complainant below and appellant here does not by the allegations of his bill show himself entitled to equitable relief. He does not allege that the decree which he attacks was obtained by fraud, under such circumstances as will give jurisdiction to a Court of Equity, or that his title was equitable, or that the lands were wild and uncultivated, or that he was in possession of them. Sloan v. Sloan, 25 Fla. 53, 5 South. Rep. 603; Clem v. Meserole, 44 Fla. 191, 32 South. Rep. 783, and the numerous cases therein cited.

We find no error in the record. The decree appealed from is affirmed at the cost of appellant.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL, J., concur in the opinion.

WHITFIELD, J., disqualified, took no part.