LEE A. BRILES, *Appellant,* v. MINNIE E. BRADFORD, *Appellee.*

1. Where a bill is filed by the purchaser from the heirs of the real estate of a decedent, attacking an allotment to the widow of dower in said real estate, on the grounds that the statutory notice of the application for allotment was not given, and that the allotment was so defectively made as to be void, and when testimony has been taken on these issues and findings made in which the real meaning of the report of the commissioners is determined and a decree entered against the contention of the complainant, and when this court cannot discover that the circuit judge erred in his construction of the report of the commissioners, and the other evidence, his decree will not be disturbed.

2. A court of chancery can only grant a complainant relief consistent with the allegations and prayers of his bill.

3. Section 1950 of the general statutes of 1906, which was intended to enlarge the jurisdiction of the courts of chancery in quieting the title to real estate, if the section be otherwise constitutional, cannot be construed so as to impair the constitutional right of trial by jury.

This case was decided by Division A.

Writ of Error to the Circuit Court for Sumter County.

The facts in the case are stated in the opinion of the court.

*Glen & Himes,* for appellant;

No appearance for appellee.

HOCKER, J.—On the 1st of September, 1905, Lee A. Briles, the appellant, hereinafter called the complainant, filed his bill in chancery in the circuit court of Sumter

county against Minnie E. Bradford, the appellee, here-inafter called the defendant, wherein he alleged in sub-stance that one J. J. Bradford died intestate in Sumter county in September, 1903, in which county he at his death resided, leaving several heirs who were of age, and a widow, the defendant; that at the time of his death Bradford was seized and possessed of certain real estate situated in Sumter county, and certain personal property; that about March 23rd, 1904, letters of ad-ministration of Bradford's estate were granted the de-fendant, and that at the time of his death Bradford was not indebted; that on May 29th, 1905, the complainant for value received purchased from the heirs of Bradford all the real estate of Bradford and took a conveyance of same subject to the right of dower of defendant, and also all the personal property of Bradford; that defend-ant has never filed in the county judge's office any ac-count of her administration, and that complainant is en-titled to have dower allotted, and set off to the defend-ant, and to have the defendant render an accounting as administrator; that on the 10th of December, 1904, the defendant filed her petition with the county judge of Sumter county praying for dower, and that on said day the county judge issued a writ to the sheriff for the al-lotment of dower to defendant; that on January 10th, 1905, a pretended allotment of dower was filed in the county judge's court, and a pretended order by the said judge was made on the same day, confirming in part said allotment of dower; that copies of said petition, of the writ, of the report, and of the order, and of the only notice given before said allotment are attached to the bill as exhibits, marked "A," "B," "C," "D," and "E," re-spectively; that said proceedings are wholly null and void as will appear by said copies, prayed to be taken as part of the bill; that the notice was not published once

each week for four weeks as required by law of said application, nor was personal service made on the heirs, or any of them; that the proceedings on their face show they were void; that the report as filed is incorrect and at variance with the allotment made by the commissioners; that the allotment as in fact made only allowed defendant a life estate in lots 6, 7, 8 and 17, block 53 of the town of St. Catherine, which is another name for the town of Massacre; that said commissioners were not learned in the law, nor advised by counsel, and signed the report under a misapprehension, and by mistake.

The report of the sheriff shows that the commissioners alloted "block 53, lots 6, 7, 8 and 17 in the town of St. Catherine in Sumter county and all improvements on the same, together with the dwelling-house of the late James J. Bradford, and all buildings and outhouses belonging to the estate of the late James J. Bradford, deceased, together with whatever right, title and interest the said James J. Bradford, deceased, may have had in and to the lands wherever the said dwelling-house is located." The report also shows the allotment of personal property.

The report of the five commissioners shows that they granted and set aside to Minnie E. Bradford "all the buildings belonging to the said estate and the following real estate, to-wit: block 53, lots 6, 7, 8 and 17 in the town of St. Catherine, Sumter county, Florida.

The bill alleges that the said allotment constitutes a cloud upon the title of your orator to the real estate, and that the same should be cancelled and set aside or the said report opened, vacated or corrected. The bill further alleges that on the 17th of July, 1905, the defendant instituted in the county judge's court an action of unlawful detainer for the recovery of the possession

of a certain building in block 53 in the town of Massacre
which was not embraced in the dower set apart to defend-
ant, though through the mistake of the commissioners the
report and confirmation are so worded as to embrace the
same; that the building thus sued for is situated on lots
18 and 19 of block 53. The bill then alleges that this
suit will only harrass and annoy the defendant and cause
him expense, and cause a multiplicity of suits, and that
the matters involved should be determined in this suit;
that the building sued for is not the dwelling-house of
Bradford in which he had been accustomed most gen-
erally to dwell next before his death; that the defendant
is now occupying the said dwelling-house. The bill
prays, among other things, that dower may be awarded
the defendant in accordance with law; that the defendant
be required to make a settlement of her administration
of said estate; that the allotment of dower heretofore
made be annulled and cancelled as a cloud upon the title
of complainant; that the report of the commissioners and
decree of the county judge's court may be reviewed and
corrected in accordance with the findings of the commis-
sioners and the facts alleged; that an injunction *pendente
lite* be issued restraining the defendant from prosecuting
her action of unlawful detainer against complainant, and
on final hearing that it be made perpetual, and for gen-
eral relief.

On October 2nd, 1905, a temporary injunction was
ordered and issued. There was no demurrer to the bill.

An answer was filed admitting the death of J. J.
Bradford, Sr.; that his last residence was in Sumter
county; that he left surviving him as his heirs the chil-
dren named in the bill; that he was seized of the real
estate described in the bill at the time of his death; that
she is the widow of Bradford, but neither admits or
denies the allegation that complainant for valuable con-

sideration was the purchaser of the real estate and personal property of J. J. Bradford, Sr., as alleged, and prays strict proof thereof; admits she was appointed administratrix; denies that decedent was not indebted; denies she has failed to file an inventory; neither admits or denies that complainant became the purchaser of the real estate and personal property of Bradford and prays strict proof thereof; admits the dower proceedings set forth in the bill, and the allotment made to her of dower in block 53, lots 6, 7, 8 and 17 in St. Catherine, together with the dwelling-house of Bradford, "and all buildings and outhouses belonging to the said estate," denies that the allotment was made through mistake or misapprehension of the commissioners, and alleges that it was the intention of the commissioners to award her all the buildings belonging to the said estate. The answer further denies that the said allotment constitutes a cloud on complainant's title, alleges that complainant had full knowledge of defendant's claim of dower at the time he alleges he obtained deeds from the heirs of deceased, and that he is estopped from denying her right, and that she let him into possession of the building in block 53. The answer admits that she has instituted the action of unlawful detainer for a certain building on lot 53 against the complainant, but denies that the proceedings under which she claims the building are void, that the allotment of all the buildings of the estate was made by mistake, and alleges that if any less had been awarded her she would have filed a protest against the confirmation of the report. The answer denies that no notice of the application for dower was published as required by law for four successive weeks, but alleges that notice was properly given. The answer submits that inasmuch as neither the heirs of Bradford under whom complainant pretends to claim ownership, nor the complainant himself, filed

any objection to the confirmation of the report of the commissioners, and inasmuch as the time for appeal from the order of the county judge has expired before the commencement of this suit, the said heirs and complainant are estopped from contesting the said report and order. The answer further alleges that the building sued for in the action of unlawful detainer was a part of the business house of J. J. Bradford, wherein he conducted business last before his death, that it is one of the outbuildings connected with the dwelling house.

There are other allegations as to the real ownership of the property in dispute by the defendant, which were stricken out on exceptions. There is also a prayer for general relief. Replication was filed, the testimony of the parties taken by a master appointed by the court, and the cause finally heard.

On the 31st of January, 1907, the circuit judge entered a decree in which he states that the case came on to be finally heard and was argued, "and the court having considered the same and made findings of fact and law this day and in accordance therewith it is considered and ordered that the complainant has not sustained the allegations of his bill and is not entitled to the relief prayed, and that the said bill of complaint be and the same is dismissed. An appeal was taken from this decree.

The assignments of error argued here are that, first, the court erred in finding that there was no mistake in the report of the commissioners alloting dower; second, the court erred in refusing to find that the proceedings in the county judge's court constituted a cloud on complainant's title; third, the court erred in its findings that the court had no jurisdiction to entertain the bill; fifth and sixth, the court erred in dismissing the bill.

The appellee's counsel has filed no brief in the case,

and we are, therefore, deprived of his assistance in reaching a proper solution of the questions presented. The appellant relies upon Chapter 4739 Laws of 1899, Section 1950 of the General Statutes of 1906, for a reversal of the final decree. That section reads as follows:

"1950. Quieting title, removing clouds.—A bill in equity may be brought and prosecuted to a final decree by any person or corporation, whether in actual possession or not, claiming title, legal or equitable, to real estate against any person or corporation not in actual possession, who claims an adverse estate or interest, legal or equitable, therein, for the purpose of determining such estate or interest and quieting or removing clouds from the title to such real estate.

It shall be no bar to the granting of relief to the complainant in such cases that the title has not been litigated at law or that there may be only one litigant to each side of the controversy, or that the adverse claim, estate or interest against which such bill is brought is void upon its face, or though not void on its face, require evidence, extrinsic of itself, to establish its validity."

It is evident that this statute was intended to extend the jurisdiction of equity to remove clouds from title to cases which this court had, before its enactment held to be beyond its jurisdiction. For instance it is provided that the actual possession of the real estate is not required and relief is extended though the adverse claim, title or interest is void on its fact. This act has never been construed by this court that we are aware of, though it is referred to in Simmons v. Carlton, 44 Fla. 719, 33 South. Rep. 408.

In view of the fact that the constitutionality of this act is not questioned in this case, and no argument is presented for or against its constitutionality, we do not feel called upon to say more in that regard than that we

do not think the act can be construed so as to impair the constitutional right of trial by jury if it should be invoked for that purpose.    Wiggins v. Williams, 36 Fla. 637, 18 South. Rep. 859.    The circuit judge found as a fact, from an investigation of the original papers of the county judge's court which were filed in the case, that there was no mistake, accident or omission in the report of the commissioners or the order of the county judge, that this testimony showed, when properly construed the commissioners set apart and allotted to the widow, lots 6, 7, 8 and 17 of block 53 of the town of St. Catherine, with the dwelling house and buildings on said lots, and only those buildings.    He also refers to the fact that each of the five commissioners testified this was all they intended to do.    He also states in his opinion that the action of unlawful detainer brought by the appellee, must necessarily fall inasmuch as she was given no dower in lots 18 and 19, or the building on it.    There is some ambiguity in the language of the commissioners' report as confirmed by the county judge, but giving the proper consideration to the findings of the circuit judge, we can discover from the evidence no sufficient reason for differing from him as to the facts.

The judge further held that the claim of the appellee to dower in the building on lots 18 and 19 was null and void, and constitutes no cloud on the appellant's title. It was evidently for this reason that he dismissed the bill.  It does not appear that his attention was called to the act of 1899 (Section 1950 General Statutes of 1906), or that he considered it in connection with this case.

The circuit judge found that the attacks made by the bill on the dower proceedings were not sustained, that the four weeks notice required by law was given,

and that those proceedings were not void. We cannot say from the evidence that the circuit judge erred in this finding. The findings of the circuit judge and his opinion based thereon were to the effect that the claim of dower which was set up by the defendant to the building on lots 18 and 19 was invalid, and constituted no cloud on complainant's title. Granting that the complainant under the statute had a right to affirmative relief, under these circumstances it could not properly be granted unless there was some prayer in the bill under which such relief could be granted.

Besides the general prayer there were special prayers, first, for a proper allotment of dower; second, for an accounting by the administratrix; third, that the allotment of dower made by the county judge be annulled and cancelled as a cloud on complainant's title; fourth, that the report of the commissioners and the decree of the county judges' court be reviewed and corrected in accordance with the findings of the commissioners and the errors therein and mistakes committed in the same may be corrected and reformed in accordance with the facts set out in the bill; fifth, for an injunction. It is apparent that each of these special prayers was inconsistent with the relief to be based on the proposition that the proceedings in the county judge's court were not void, contained no mistake which needed correction and only need proper construction. The rule in this state is that under the general prayer for relief any relief consistent with the allegations of the bill and not inconsistent with the special prayers, may, in a proper case be given. Pensacola & Georgia R. R. Co. v. Spratt, 12 Fla. 26. The complainant neither by allegation or prayer had asked relief based on the theory that defendant's claim was absolutely void, because not embraced in the allotment of dower, and that nevertheless

she was using it in such a way as to annoy the complainant and embarrass him in the enjoyment and use of his property. St. Andrews Bay Land Co. v. Campbell, 5 Fla. 560. If the bill had made such a case, it may be that complainant under the statute would be entitled to a decree quieting the title, not however, to the extent of interfering with any proper exercise of the right to have a jury trial of the questions of title. Under the circumstances we feel constrained to affirm the decree of the lower court. We cannot refrain from saying that the bill seems to be abnoxious to the objection that it is multifarious. Mattair v. Payne, 15 Fla. 682.

The decree of the circuit court is affirmed, at the cost of appellant.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.