W. E. LAW AND E. S. MIXSON, *Appellants,* v. MARY I. TAYLOR *et al., Appellees.*

1. In a suit to quiet title to real estate, allegations that the complainants have legal title to the lands; that the land "is wild, unimproved and unoccupied, and not in the possession of any person whomsoever;" and that defendants' claim of title is illegal for stated reasons, state a right of action; and allegations that the defendants have entered upon the land,

and cut and removed timber therefrom and have cut and boxed the pine timber thereon for turpentine purposes, and have removed the pine gum from the land, do not contradict the other stated allegations and do not show possession of the land by the defendants at the institution of the suit so as to make the bill of complaint subject to demurrer on the ground of want of equity.

2    Allegations seeking an accounting do not render multifarious a bill to quiet title to real estate.

.3.    An exception for impertinence must be supported *in toto*, and will fail if it covers any part of the answer which is relevant and material.

4.    In a suit to quiet title to real estate, portions of the answer denying the allegations of the bill that the land is wild and is not in the possession of any one, and averring that the defendants were in possession of the land at the institution of the suit, are material and pertinent to the question of equitable cognizance, and should not be stricken for impertinence.

Appealed from the Circuit Court for Pasco County.

The facts in the case are stated in the opinion of the court.

*F. B. Coogler,* for Appellants;

*Davant & Davant,* for Appellees.

WHITFIELD, C. J.—A bill was filed by the appellees to quiet title to land and to enforce an accounting for trespass on the lands. The defendants appealed from orders overruling a demurrer to the bill and sustaining exceptions to the answer.

The bill alleges that the complainants, several being minors, are the owners of the land by virtue of being the

widow and heirs of Benjamin D. Mills, deceased, who on
January 16, 1892, entered upon lands of the United
States under the homestead laws and received a patent
for the land May 22, 1899; that the defendants claim title
under a tax deed issued in 1905, based on a tax sale made
in 1895, for unpaid taxes of 1894; that the tax deed is
void because the land was not subject to taxes in 1894,
and for other stated reasons; that said tax deed is a cloud
upon complainants' title; that the land is wild, unim-
proved and unoccupied, and not in the possession of any
person whomsoever; that defendants have entered upon
said land and cut therefrom pine timber of great value, and
removed same from said land, and have also cut and
boxed pine timber on said land for turpentine purposes
and have removed from said land and from the trees
growing thereon large quantities of pine gum to the dam-
age of complainants. It is prayed that the tax deed and
subsequent deeds under which the defendants claim be
cancelled and that an accounting and payment for pine
timber and pine gum taken from the land be decreed.

A demurrer which asserts that there is no equity in
the bill; that the bill is multifarious; that the remedy at
law is inadequate, and that the bill is contradictory and
is vague and indefinite in not stating when the defendants
committed the alleged trespass upon the land, was over-
ruled. In their answer the defendants assert the validity
of their paper title based on the tax deed and their rights
thereunder, and "deny that the lands are wild, unim-
proved and uncultivated and not in the possession of any
person whomsoever, but allege and so charge that at the
commencement of this suit, that said lands were in the
possession of R. A. Paxson, who held the same as agent
and lessee of defendant, W. E. Law, and that he is now

in the possession of the same, working the same for turpentine purposes;" "deny that said lands are wild, unimproved and not in the possession of any person whomsoever, but allege and so charge that the said lands are now and have been in the actual, open, adverse, notorious and continuous possession of the defendants, their agents, lessees and assignors for more than seven years last past;" defendants aver "that by reason of the tax deed to J. L. Wells and transfers from J. L. Wells, that legal title now vests in defendant W. E. Law, and by reason of said title based upon said tax deed, and by virtue of the possession of said lands for more than seven years last past, said possession being actual, open, adverse, notorious and continuous, by the defendants, their assignors and agents."

The portions of the answer quoted above were excepted to as being impertinent, and the exceptions were sustained.

As the complainants allege legal title in themselves and that the "land is wild, unimproved and unoccupied, and not in the possession of any person whomsoever," and allege the illegality of the defendants' title, the complainants' right to maintain the suit to quiet the title is *prima facie* apparent West Coast L. Co. v. Griffen, 54 Fla. 621, 45 South, Rep. 514, Simmons v. Carlton, 44 Fla. 719; Clem v. Meserole, 44 Fla. 191. The allegations that the defendants "have entered upon said land and cut therefrom pine timber ................... and removed same from said land, and have also cut and boxed pine timber on said land for turpentine purposes and have removed from said land" the pine gum, do not contradict the other allegations and do not show possession of the land by the defendants at the institution of the suit. If the relief by accounting is barred by laches, it may be shown as a defense. If the

complainants have a right to maintain a suit to quiet title to land' as against the defendants, allegations seeking an accounting, from the defendants for trespasses upon the land, do not render the bill of complaint multifarious. Murrell v. Peterson, 57 Fla. 480, 49 South. Rep. 31; Arcadia Mercantile Co. v. Branning, 59 Fla. 428, 52 South. Rep. 588. The demurrer to the bill of complaint was properly overruled.

An exception for impertinence must be supported *in toto,* and will fail if it covers any part of the answer which is relevant and material. Bush, Trustee, v. Adams, Adm'r., 22 Fla. 177; Robertson v. Dunne, 45 Fla. 553, 33 South. Rep. 530; Holzendorf v. Terrell, 52 Fla. 525, 42 South. Rep. 584; Trustees v. Root, decided this term, 58 South. Rep. 371.

The portions of the answer denying that the land is wild and is not in the possession of any one, and averring that the defendants were in possession of the land at the institution of the suit are material and pertinent to the question ,of equitable cognizance, and should not have been stricken for impertinence.

The order overruling the demurrer to the bill of complaint is affirmed, and the order sustaining exceptions to the answer is reversed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.