J. D. SAWYER *Appellant*, v. CHARLES A. GUSTASON, et al., *Appellees.*

En Banc.

Opinion Filed June 13, 1928.

*W. W. Whitehurst,* Attorney for the Appellant;

*Gex* and *Waller,* Attorneys for the Appellees.

BROWN, J.—This is an appeal from an order granting a motion of defendant, Gustason, a resident of Minnesota, to set aside a decree *pro confesso* and final decree in favor of complainant and allowing him to file an answer theretofore tendered for filing. The motion was filed six months after the entry of the final decree attacked, which decree had been rendered in a suit to quiet title. The motion alleged that the defendant had not had any legal notice of the institution of the suit; that the affidavit and notice of publication were insufficient in law; that the defendant had an agent in the state upon whom service by subpoena could have been had; that he had been in quite and undisputed possession of the property for over seven years and was in possession when the suit was filed; that defendant's title was superior to complainant's claim, and that complainant or his solicitor knew, or by reasonable diligence could easily have obtained, defendant's post office address. The bill and the affidavit of non-residence attached thereto, had alleged that the defendant Gustason was a resident of some other state than the State of Florida, but his place of residence and address were unknown, yet believed to be within the United States, and that there was no person in the State of Florida service of subpoena upon whom would bind the defendant. The bill also alleged that the lands were wild,

unoccupied and unimproved. Eight weeks publication was had of the order of publication. The statutory requirements as to constructive service by publication to *known* non-resident defendants appear to have been substantially complied with. See Sec. 3111, Rev. Gen. Stats. of Fla. While this may not be said as to the *unknown* defendants referred to in the bill to whom publication was also attempted to be made and as to whom Sec. 3112 and 3113, Rev. Gen. Stats. of Fla., as amended by Chap. 8465 of the Laws of 1921, applied, this defendant had no right to question the court's jurisdiction as to him on that ground. The publication to him, a known defendant, was sufficient under Sec. 3111.

Nor was the allegation in the bill and affidavit that there was no person in this state service of subpoena upon whom would be binding upon the defendant, shown to have been false. The affidavits in support of the motion tended to show that the defendant had a resident agent in charge of the property, though not residing upon it. But under our statutes service of a chancery subpoena or a summons *ad res* upon a mere agent of an individual is not sufficient to bring such individual into court. Sec. 3110 and 2599, *et seq.*, Rev. Gen. Stats.

As the final decree in this case was rendered in February, 1925, later statutes, such as Chap. 11383, Laws of 1926, approved November 30, 1925; Chap. 10102, Laws of 1925, approved May 26, 1925, as amended by Chap. 11364, Laws of 1925, Extra Session approved November 30, 1925, have no application.

The bill was evidently filed under Sec. 3213, Rev. Gen. Stats., which is derived from an Act of 1899. This Act made it possible for a party, whether in actual possession or not, claiming title to real estate, to bring suit to quiet such title against any person *not in actual possession* who claims

an adverse interest or estate, legal or equitable, therein. But this statute did not attempt to charge the old rule that a person claiming the legal title to land in the possession of another could not maintain a bill in equity against such person in possession to quiet the complainant's title or remove as a cloud therefrom the claim of such party in possession. For in such case the complainant, having a claim of title, legal in its nature, and the defendant being in possession, had an adequate remedy at law by ejectment, and the defendant could not, by proceedings in equity to quiet title or remove a cloud, be deprived of his right to trial by jury in ejectment proceedings at law. Patton v. Crumpler, 29 Fla. 573, 11 So. R. 225; Sloan v. Sloam, 25 Fla. 53, 5 So. R. 603; Gamble v. Hamilton, 31 Fla. 401, 12 So. R. 229; Graham v. Fla. L. & M. Co. 33 Fla. 356, 14 So. R. 796; Trustees v. Gleason, 39 Fla. 771, 23 So. R. 539; Briles v. Branford, 54 Fla. 501, 44 So. R. 937. Before this statute was adopted, the rule was that, in bills to quiet title or remove clouds from title, it must have been shown that the complainant was in possession of the land, or that the land was wild and unoccupied. Watson v. Holliday, 37 Fla. 488, 19 So. R. 640; Simmons v. Carlton, 44 Fla. 719, 33 So. R. 408; Morgan v. Dunwoody, 66 Fla. 522, 63 So. R. 905. Where the common law remedy by ejectment was clear and adequate, a court of equity was without jurisdiction; nor could the Legislature confer jurisdiction upon it in any way that would conflict with the constitutional guarantees regarding trial by jury. Hughes v. Hannah, 39 Fla. 365; 22 So. R. 613; Trustees v. Gleason, *supra.* Such was the status of the law at the time the final decree of February 20, 1925, was rendered, and motion to vacate granted.

There were a number of affidavits submitted by both parties, upon the hearing of the motion to vacate, upon

this question of possession. While there was considerable conflict, there was such a strong showing made to the effect that at the time suit was brought and for some years prior thereto defendant Gustason was and had been in actual possession of all, or a large part of the property, having fenced and cultivated the same through agents and tenants, that we would not bé authorized to disturb the chancellors' finding on that point. It was also shown that defendant Gustason had no knowledge whatever of the pendency of the suit or the rendition of the decrees until shortly before the filing of the motion. Also, that he had an agent in charge of the property who was without notice or knowledge of the suit. Hence he was not guilty of laches.

The question arises, did this finding authorize the court to grant the motion to vacate?

In answer to this, pretermitting consideration at this juncture of the propriety of the remedy adopted to raise the question, it must be admitted that a finding by the court that the defendant was in actual possession when suit was brought was, under the above cited authorities, tantamount to a finding that, on the real facts, though not shown by the record in the original suit, the court was without jurisdiction of the subject matter, that its jurisdiction had been wrongfully and unlawfully invoked by reason of the false allegations in the bill to the effect that the lands were "wild, unoccupied and unimproved," that it never had in fact or in law any jurisdiction of the subject matter, and that therefore its decrees in the case, while apparently valid and supported by the record recitals, were in reality void, and subject to annullment on proper attack. Lucy v. Deas, 59 Fla. 552, 52 So. R. 515; Rice v. Cummings, 51 Fla. 535, 40 So. R. 889; Johnson v. McKinnon, 54 Fla. 221, 45 So. R. 23, 13 L. R. A. (N. S.) 874;

Smith v. Powell, 80 Fla. 166, 85 So. R. 654; Tampa & Gulf Coast R. Co. v. Mulhern, 73 Fla. 146, 74 So. R. 297. Want of judicial power as to a particular subject of action renders the relief granted to the complainant open to challenge as being void. 1 Black on Judgments, 2nd ed., 242. Malone v. Meres, 109 So. R. 677, 91 Fla. 709, 12th and 13th headnotes. But, such a decree, valid on its face and not shown to be void by the record in the case, must be accorded full force and effect until properly set aside. It was therefore, not legally void, but voidable, and subject to annulment on proper attack, as its nullity could only be established by matter *dehors* the record. Einstein v. Davidson, 35 Fla. 342, 17 So. R. 563; Kroier v. Kroier, decided at the present term; 1 Black on Judgments, Secs. 242, 243-4; Malone v. Meres, *supra*.

Now, as to the question of remedy. It is very doubtful that a bill of review would lie in a case of this kind, as there was no error apparent on the face of the record, nor was it, strictly speaking, a matter of newly discovered evidence. 3 Enc. Pldg. & Prac., 570; 21 Corpus Juris, 744; Florida Chancery Jurisprudence, 245 *et seq.*; Hall v. Hall, 112 So. R. 622. But it may be that relief though not exactly the same as that sought here, could have been obtained by bill in the nature of a bill of review, or on original bill to impeach the decree. Hall v. Hall, *supra*; 3 Ency. Pldg. & Prac. 608, *et seq.*; 21 C. J. 718, 775-6. The remedy adopted by way of motion to vacate was, however, on the facts alleged, also available in this case. This is made plain by the leading case of Stribbling v. Hart, 20 Fla. 236, the opinion in which was written by that great jurist, Justice Westcott, wherein this court held:

"While it appears that the Circuit Court of the United States have not power to open such decrees absolute and enrolled, upon motion, and that their power is confined to

such proceedings as may be had by bill of review, rehearing or original bill, still under the uniform practice in the State Courts such a power is admitted to exist, and may be exercised under certain circumstances, *and as a motion is the only means by which the decree may be opened, and a defense upon the merits let in,* although the party may be guilty of no laches, and his failure to set up his rights in the time required may be occasioned *by causes beyond his control, and by obstacles insuperable in their character, and he may have a good defense,* we think the rule of the State courts as to the matter of power is the better rule, and we adopt it. The power to open such decree, however, is not to be exercised in cases where the decree has been made absolute in the regular course, and the defendant has been guilty of neglect and failure to give attention to the process of the court. Without the existence of strong and unavoidable circumstances excusing such neglect and laches, the decree should not be opened. Such power should not be exercised upon a mere desire to let in a defense upon the merits. The facts established must show *deceit, surprise* or *irregularity* in obtaining the decree, that the defendant has acted *bona fide* and with reasonable diligence, and has a meritorious defense, and the facts constituting such defense must distinctly and satisfactorily appear, and the proposed answer should be exhibited.'' (Italics ours.)

See also Friedman et al., v. Rehm, 43 Fla. 330, 31 So. R. 234; Rice v. Cummings, 51 Fla. 535, 40 So. R. 889; McFarlane v. Dorsey, 49 Fla. 341; 38 So. R. 512; Phillips v. Howell, 81 Fla. 380, 88 So. R. 126; Ala. Hotel Co. v. Mott Iron Works, 86 Fla. 608, 98 So. R. 825; Fla. Chancery Juris, 369, et seq.; 14 Enc. Pldg. & Prac. 76, et seq.; 21 C. J. 715; Gibbs v. Ewing, 113 So. R. 730; Kroier v. Kroier; decided at present term; Gainesville v. Johnson, 59 Fla.

459, 51 So. R. 852; Roebuck v. Batten, 64 Fla. 424, 59 So. R. 942.

In Alabama Hotel Company v. Mott, *supra,* this court held that: "Orders, decrees or judgments made through fraud, collusion, deceit or mistake, may be opened, vacated or modified at any time on proper showing made by the parties injured. A motion to vacate or set aside a judgment or decree is addressed to the sound legal discretion of the trial court on the particular facts of the case. And consequently its determination will not be disturbed on appeal unless it is plain that its discretion has been abused." See also Peoples Realty Co. v. So. Colonization Co. 78 Fla. 628, 83 So. R. 527. The remedial scope of motions has been very much enlarged under modern practice. 14 Enc. Pldg. & Prac. 75, 76; 15 R. C. L. 716. In Rice v. Cummings, *supra,* this court held that a court of equity which had entered up a deficiency judgment against a woman, in ignorance of her coverture, might, four years thereafter, upon petition of such woman and her husband, vacate such judgment, in the absence of laches or intervention of the rights of third persons. The principal distinction between motions and petitions lies in the fact that motions may sometimes, though not always, be made orally, while a petition is always in writing. So, also, motions can usually be made only by a party to the record, while petitions may be presented by strangers. Gibbs v. Ewing, *supra.* There are cases where a final decree should properly be attacked by bill of review, or by original or supplemental bill in the nature of a bill of review, or by original bill. The latter is usually the proper remedy where a decree, which has become final and absolute, is sought to be impeached for fraud in its procurement. But our conclusion is that under our prior decision, the remedy by way of motion, with adequate notice to the opposite party, was

allowable in this case. The practice is simple, speedy and effective, and well calculated to promote the interests of justice with the least cost and trouble to suitors.

Affirmed.

WHITFIELD, TERRELL, STRUM AND BUFORD, J. J., concur.

ELLIS, C. J., dissents.