FRANKLIN EVANS *vs.* CHARLES H. BACON & others.

A bill in equity to annul a decree obtained in fraud of the plaintiff ought ordinarily, by analogy with the period fixed by statute for the suing out of writs of review as of right, or the filing of petitions for review of judgments in civil actions, (Gen. Sts. *c.* 146, §§ 20, 21,) to be filed within one year from his discovery of the fraud.

A plaintiff in a bill in equity to redeem land, who, on discovering upon the docket the entry of a decree dismissing his bill, files a petition to annul it, which after a hearing of the parties is denied, cannot maintain a bill, which he delays, without explanation, to file until two years and four months afterwards, to set aside the decree on the ground that it was obtained by fraud, but must be deemed to have waived his rights in that respect, although it does not appear that his petition was not dismissed for mere defect of form.

BILL IN EQUITY filed February 27, 1867, to annul, on the ground of fraud, a decree entered on the docket April 7, 1862, dismissing a bill in equity of this plaintiff against the principal defendant to redeem land; and to procure a rehearing of that cause.    The answers denied fraud, and alleged, among other defences, that the plaintiff was barred by laches from any remedy on this bill.

At the hearing, before *Wells*, J., who reported the case for the determination of the full court, it appeared that in the cause in

question there was no memorandum of any decree or order of the court other than the entry " dismissed" upon the docket and " no evidence nor explanation was given as to the manner in which this entry was caused to be made, except that the clerk stated his impression to be that it was made by him upon the suggestion of the defendant's counsel that it was correct." It further appeared that neither the plaintiff nor his counsel in the cause had ever any notice of any motion to dismiss the bill, nor until in July 1864 any knowledge that it had been dismissed; that in October 1864 the plaintiff filed a petition to set aside the decree of dismissal, which petition was refused by *Chapman*, J., after a hearing of both parties; and that there was nothing on the records of the court relative to that hearing.

*G. A. Somerby & L. S. Dabney*, for the plaintiff.

*S. J. Thomas & G. E. Betton*, for the defendants.

FOSTER, J. In the view which the court have taken of this case, it is unnecessary to decide whether the present bill is to be regarded as one to impeach a decree for fraud, which it is said may be filed without leave of court; Adams Eq. 419; or as a bill of review, which, when not founded upon error in law apparent on the face of the record, can be filed only upon leave granted. *Elliot* v. *Balcom*, 11 Gray, 286.

The complaint of the plaintiff is, that in the original suit brought by him an entry of " bill dismissed" was improperly and fraudulently procured by the defendants. This entry was made April 7, 1862. In October 1864, a petition to have the decree set aside was heard and denied. The present bill was filed February 27, 1867. The hearing in October 1864 must be taken to have established the fact that the decree was not a mere nullity, or a fraud upon the court which regard for its own dignity and the due administration of justice requires should be expunged from the record. If such were its character, the summary application heard before Mr. Justice Chapman must have prevailed. The question then is, whether the entry was a fraud upon the plaintiff in consequence of which he can now review or impeach the decree by the present bill.

A fraudulent act is binding upon the party by whom it is

committed, and voidable only at the election of the party de-frauded. The right of the party injured to rescind a fraudulent transaction is one which may be waived, and which will be lost by immoderate delay in its exercise. It remains only for a rea-sonable time after the discovery of the fraud. This rule is founded upon the plainest principles of justice, and seems to be of universal application.* The present question is, whether the right to vacate the original decree of "bill dismissed" is one to which the plaintiff continued entitled for so long a period as two years and four months after the application before Mr. Justice Chapman had been denied. If that refusal was based upon the merits, and the plaintiff nevertheless insists that it is not con-clusive, surely great promptness should be exacted of him in instituting the present proceeding. If the failure of that peti-tion was caused by defect in form, it was still incumbent on the plaintiff, if he did not intend to acquiesce in the result, to try the present remedy without delay. It was important to the de-fendant to know whether he was to be allowed to become the undisturbed owner of the estate, the title of which was in litiga-tion, or whether redemption or equitable relief from forfeiture was still claimed to exist.

It is true there is no statute of limitation fixing a precise pe-riod of time after which the right to file a bill like the present is barred. But the limitation of a year for writs of review affords a close and forcible analogy. *Plymouth* v. *Russell Mills*, 7 Al-len, 438. No reason is assigned and no excuse is offered for a greater delay in the present instance. And, without laying down any inflexible rule, the court are all of opinion that one year after the discovery of the alleged fraud is a period beyond which the right to file such a bill as the present ought not ordi-narily to be allowed; and that the particular facts of this case furnish no reason for enlarging the time.

*Bill dismissed.*

---

* See *Clarke* v. *Dickson*, El., Bl. & El. 148, and *Oakes* v. *Turquand*, Law Rep. 2 H. L. 346.