HENRY W. GARDNER and others

*v.*

THE MAYOR AND ALDERMEN OF JERSEY CITY.

In 1867, lands were taken for a street extension, an award therefor made and confirmed, and the extension declared to be a street. Possession was taken by the city, the street opened and used ever since as such, and a sewer built therein, but the award was never paid. In 1878, the owners of the lands made an assignment for the benefit of their creditors, to the complainants, who applied to the city for the award and were refused. They then advertised the lands, including other lands, also, for public sale, using, for that purpose, a map designating the street in question by its name and location.—*Held,*

(1) That complainants were entitled to relief in equity, and would not be sent to law to obtain a judgment in ejectment for the lands, as a preliminary.

(2) That the statute of limitations was no defence on the part of the city.

(3) That using the map, as stated, was not a dedication of the lands in dispute.

Bill for relief.   On final hearing on pleadings and proofs.

*Mr. Gilbert Collins,* for complainants.

*Mr. Leon Abbett,* for defendants.

THE CHANCELLOR.

According to the bill, in 1867 and 1868, the "Town of Bergen, in the county of Hudson," a municipal corporation, and its legitimate successors, "The Mayor and Board of Aldermen of the city of Bergen," took lawful measures to extend an avenue called Jackson avenue, and laid it on land then really owned by George H. Sackett, Thomas Davis, Lawriston Towne and George P. Tew, all then of Rhode Island (and together constituting the business firm of Sackett, Davis & Co.), as partnership property, but the title to which was held by Sackett, in trust for them, for

convenience. In the proceedings, their land in the *situs* of the avenue was condemned, and $960.76 were awarded to them for the value thereof, and damages for the taking over and above the assessment on them, for benefits to their remaining property. The award and assessment were confirmed, and the extension was duly declared to be a public street. Soon after the confirmation, the municipal authorities took possession of the land in the *situs* of the extension, and opened it and devoted it to the purposes of an avenue, and built a sewer therein.

In 1870, the territory within the limits of the city of Bergen became part of Jersey City, and the mayor and aldermen of Jersey City succeeded, by virtue of legislative enactment, to the rights and liabilities of the municipal authorities of the former town and city of Bergen, over it, and ever since then they have occupied and used the avenue and sewer therein, as one of the public streets and sewers of Jersey City.

In September, 1875, Sackett (the award never having been paid) unsuccessfully petitioned the board of public works of Jersey City for payment thereof. In December, 1878, Sackett, Davis & Co. made an assignment, by deed (with certain preferences, however), of all their property, real ·and personal, individual as well as joint, to the complainants. In March, 1869, Sackett and his wife executed and delivered to the complainants a deed of the land in Jersey City, intended to be confirmatory of the title of the latter thereto under the assignment; and, in 1869, the members of the firm executed and delivered to the complainants another deed of assignment of all their partnership property, except property exempt by law from attachment, for the equal benefit of their creditors. In July, 1879, Francis S. Emmons, as agent for the complainants, applied to the board of public works of Jersey City (but in vain) for the payment of the award and interest thereon. The money has never been paid, and the city refuses to pay it.

Shortly before September 24th, 1879, the complainants directed Emmons & Co., as their agents, to sell the land formerly owned by Sackett, Davis & Co., lying on Jackson avenue, with other land formerly of that firm, at auction, and, to that end, to have a map of the property made, but gave them no directions to recognize that avenue as a lawful avenue. Emmons & Co. caused the map to be made, and on it Jackson avenue was laid down as an avenue by that name. The land on the map was sold on the last-mentioned day, but has not been conveyed; and the bill also states that no deed, referring to the map or any map on which the extension of Jackson avenue is shown or referred to, has been delivered; that no such map has been filed; that the complainants never intended, and do not intend, to dedicate any of the land conveyed to them to public use, and never intended the map for anything more than a mere convenience for the advertisement and sale of the property; that they do not intend to file it and have signed no contract of sale of the property sold at the auction, and it also states that the property was not advertised for sale as required under the assignment act of this state.

The bill prays an injunction restraining the defendants, the municipality of Jersey City, from occupying or using the land taken from Sackett, Davis & Co. for Jackson avenue, as a street, or the sewer therein, until it shall have paid to the complainants the award and interest.

The city has answered. It sets up, in its answer, the defence of the statute of limitations to the claim for payment of the award, and, also, the defence that, by the map and sale at auction, the complainants dedicated the land in Jackson avenue, taken from Sackett, Davis & Co., to the purposes of a public street, and, therefore, have no claim to the award. It was held by the supreme court, in *Mayor &c. of Jersey City* v. *Fitzpatrick, 7 Vr. 120,* where ejectment was brought to recover land taken for the same avenue, in the same proceedings, that payment of the award of damages

was a condition precedent to the vesting of the title in the municipality, and there was judgment accordingly.

In *Mayor &c. of Jersey City* v. *Fitzpatrick, 3 Stew. Eq. 97*, the city applied to this court for relief, in view of the fact that its predecessor municipality had entered into possession of the property and built the sewer therein before the action of ejectment was brought, and relief was accorded on terms of paying the award and interest, and costs of the ejectment, and costs of the suit in this court.

The complainants have a remedy at law, and the question of dedication may be tried there as well as here, but it is obvious that the result of recourse to the legal tribunal will, if the complainants should be successful, be a bill in equity against them, as in the *Fitzpatrick Case;* and it may be assumed that such result will necessarily follow, for the city claims the avenue as a street, under the condemnation proceedings.   The complainants, recognizing the already-established equity, in order to avoid the necessity of having two suits, have come here, in the first instance, asking only equity.   They ask only the money due for the award and interest, and pray that the city may be enjoined from occupying or using the land for a street, unless it makes payment of the award and interest.   Were there a judgment in ejectment, relief would be granted to the city, as in the *Fitzpatrick Case* on the same terms which were there imposed.   The same terms are now proffered by the complainants.

The municipal authorities in this, as in the case just referred to, have been permitted to enter into possession of the land, and to build the sewer there, and adapt the property to the uses of a street, and the complainants have, under the circumstances, a right in equity only to the award and interest; and, as before stated, should they establish their legal right to the land at law, this court would, on proper terms, on application of the city, restrain them from enforcing it.

It is a good reason for recourse to equity instead of law, that, though there is a remedy at law, it will give more than the complainant is in equity entitled to. In this case the complainants ask less than the law would accord, but claim that which equity will allow. Recognizing the right of the defendants to equitable relief against their strict, legal right, they themselves come at once to equity for their remedy. Their claim against the city is in fact an equitable one. In equity they have no right, provided the award is paid to them, with the interest thereon, to eject the city from the property condemned. All they have a right to in equity is their money. They have no equitable right to have recourse to law for relief, but their claim to relief should be made here. Again, though the complainants have a remedy at law, it is not complete, for it would be subject to a recourse by the defendants for relief to equity, and it is not, therefore, an adequate remedy. *Clouston* v. *Shearer, 99 Mass. 213.*

It is a favorite object of equity to prevent multiplicity of suits, and to prevent circuity of action. In this case, that which would not be available to the defendant were he the complainant seeking relief against the result of an application to the legal tribunals, will not avail him as defendant. The defendants could not successfully defend an action of ejectment, for they have no legal title (*Mayor &c. of Jersey City* v. *Fitzpatrick, 7 Vr. 120*), unless they have obtained it by dedication, of which hereafter. And if, after judgment against them in ejectment, they were to apply to this court for relief, the claim that the complainants are barred by limitation from maintaining a suit for the award, of course would not avail them. Nor would the claim of dedication.

Manifestly there was no dedication, but only a mere recognition of the existence of the avenue after it had been laid out under municipal authority, and the land had been taken by condemnation, and the city had become liable to pay for the land and damages. The recognition of it was merely the recognition of the fact of such laying out and condemnation. When the deed from Sackett and wife was

made, and of course when the map was made and the auction sale took place, the condemnation had taken place, the avenue was a street, in fact, and the city had incurred legal liability to pay the award. The recognition of the existence of the avenue, under such circumstances, cannot be held to operate as a dedication to release the city from the payment of the award.

Again, it may be remarked, when the deed from Sackett and wife was made, he had no legal title to the land, for he had already conveyed it to the complainants, and, besides, it contains full and complete evidence that there was no intention to dedicate, for it excepts the land as " land taken by the city of Jersey City for the opening of Jackson avenue." In the deed from the members of the firm to the complainants, the property conveyed is not particularly described.

The defendants will be required to pay the award and interest and costs of this suit, and in default thereof will be perpetually enjoined from using or occupying the land of the complainants in the *situs* of the avenue for which the award was made.