## KAMALU *vs.* JOSEPH LOVELL.

### EXCEPTIONS.

### SPECIAL TERM, DECEMBER, 1883.

### JUDD, C. J., McCULLY and AUSTIN, JJ.

After lapse of time, and under circumstances of assent and posssession, the testimony of a grantor will not be held sufficient in law to set aside his deed.

The equitable doctrine of laches may reasonably be applied to an ejectment suit depending on the validity of a deed.

The Court need not submit the case to the jury, if there is no evidence upon which the jury can find a verdict for the party who has the burden of proof.

### OPINION OF THE COURT BY McCULLY, J.

UPON a previous trial of this cause verdict was rendered for

the plaintiff. Exceptions to this finding were sustained by the Court—see *Kamalu vs. Lovell*, 4 Hawn. 601—on the ground that there was no evidence tending to attack the deed by which the defendant held, executed in 1859 and on record since 1863, and coming from the custody of the defendant's privies, except the denial of the alleged grantors, Nuuanu and his wife, joining to release dower.

Upon the ensuing trial the presiding justice ordered a verdict for the defendant. The plaintiff excepts and contends that there was evidence in corroboration of the testimony given again by Nuuanu and his wife, the grantors, denying their execution of the deed, which ought to have been submitted to the jury. We have examined the evidence as sent up in the bill of exceptions. Taking out the testimony of the grantors we find no evidence to support the plaintiff's proposition that the alleged deed was fraudulent.

The effect of the other testimony is that the alleged grantors, on returning from a visit to Honolulu, stated that they had sold their land. This was in 1855. The defendant entered into possession, claiming under that deed, in 1865. The plaintiff claims that this was a permissive and not adverse possession. This is not supported by the evidence. The plaintiff, therefore, upon the second trial made no case on which, by the ruling of the Court in Banco, a verdict for him could be sustained. The ruling that after such a lapse of time, and under the circumstances of assent and possession, the mere testimony of the grantor will not be held sufficient in law to set aside his deed, is supported by the doctrine of laches, an equitable doctrine, but which may be reasonably applied to the present case where the controversy depends on the validity of a deed.

See Story's Eq., Juris., §1520. *Smith vs. Clay*, 3 Brown Lead. Cases, 639. *Norris vs. Labree*, 58 Me., 260. *Evart vs. Bacon*, 99 Mass., 215. *Conant vs. Perkins*, 107 Mass., 71.

If a verdict for the plaintiff must have been set aside again, *cui bono* to leave it to the jury to determine the verdict. The authority of the Court to order a verdict is set forth by Mr. Justice Clifford, delivering the opinion of the Supreme Court in *Commissioners vs. Clark*, 94 U. S. Supreme Court, at p. 284. He says,

"Judges are no longer required to submit a case to the jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury to proceed in finding a verdict in favor of the party introducing such evidence. Decided cases may be found where it is held that if there is a *scintilla* of evidence in support of a case, the judge is bound to leave it to the jury ; but the modern decisions have established a more reasonable rule, to wit, that before the evidence is left to the jury, there is or may be in every case a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed."

The plaintiff had trial of his case under the ruling, and the Court properly instructed the jury to find verdict for the defendant.

The exceptions are overruled.

*S. B. Dole*, for plaintiff.

*W. R. Castle*, for defendant.

Honolulu, January 15, 1884.

