[S. F. No. 1487.   Department Two. — May 7, 1901.]

JACOB STEEN, Appellant, v. ALVARETT L. MARCH, Administratrix, etc., et al., Respondents.

JUDGMENTS — FRAUD — RELIEF IN EQUITY — INJUNCTION. — Equity will not relieve by injunction against a fraudulent judgment, unless the fraud in obtaining it was extrinsic to the merits. It will grant no relief, merely on the ground that the judgment was obtained by perjured testimony.

ID. — BILL OF REVIEW FOR NEW TRIAL — LAPSE OF TIME — DISCOVERY OF FRAUD — QUESTION NOT DECIDED. — A court of equity will not entertain a bill of review for a new trial, after the lapse of the period within which an appeal or writ of error might be prosecuted; but the question is not decided whether a bill of review to set aside a judgment or decree for fraud is subject to such limitation by analogy, if the fraud is discovered after the lapse of such period.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion.

Z. N. Goldsby, for Appellant.

W. D. Storey, for Respondents.

HAYNES, C. — Action to set aside a judgment and to restrain its enforcement. Defendants' demurrer to the complaint was sustained, and plaintiff having failed to amend, judgment was entered against him, and he appeals.

Pending the action, William F. March, the principal defendant, died, and the administratrix of his estate was substituted.

The complaint is very long, but a statement of the facts, so far as requisite to a decision of the material questions involved, is as follows: —

In December, 1888, William F. March, and George Olive, and John Ross were mutually interested in the construction of a steam-schooner, and were endeavoring to obtain money therefor. The amount required was thirty-two thousand dollars, and this was divided into shares of five hundred dollars each. These parties proposed to plaintiff that if he would execute his note for five hundred dollars, payable to the order of Ross at one year after date, upon the completion of the vessel

within that time, and the payment of the note, they would procure a certificate for one share in said vessel to be issued to him. The note was thereupon executed by Steen and placed in the hands of Olive.

Afterwards, Ross indorsed and delivered said note to March, and March, before its maturity, for the face value thereof, sold, indorsed, and delivered it to one O. M. Button. These transfers were made without the knowledge of Steen, the maker of the note, and it is alleged that March gave Ross no consideration for the note, and it is also alleged that Steen received no interest in the vessel, and that the consideration of the note wholly failed at the maturity thereof; that in February, 1892, Button obtained judgment upon said note against March and Steen, and afterwards assigned said judgment to one Joseph Blum, who caused execution to be issued and levied upon certain property of March, which was afterwards sold, and the net proceeds, amounting to $596.10, was credited upon said judgment, leaving a deficiency of $89.65.

Afterwards, in December, 1892, March brought suit against Blum, Steen, and the sheriff to recover damages for the sale of his property, and obtained judgment against Steen for $943.41, and this action is prosecuted by Steen against March and Devoe, his assignee, to vacate said judgment and enjoin its collection, upon the ground that in the action of Button against March and Steen upon said note, and in the action of March against Blum, Steen, and the sheriff, in which the judgment was rendered that is now sought to be vacated, March falsely and fraudulently testified that he paid Ross full value for the note; that he, Steen, had no personal knowledge upon that subject; that Ross had left this state before Button brought suit; that during the pendency of each of said actions he had made diligent efforts to ascertain where Ross was, but without success until December 1, 1896, some two or three weeks before commencing this action.

I think the demurrer was properly sustained. Appellant apparently relies upon the proposition, which he states without qualification, that "equity will grant relief against fraudulent judgments." Among the authorities cited are *Hayden* v. *Hayden*, 46 Cal. 333; *Pico* v. *Cohn*, 91 Cal. 129;[1] and *Amador etc. Co.* v. *Mitchell*, 59 Cal. 168. But the fraud alleged in the

[1] 25 Am. St. Rep. 159, and note.

complaint does not bring his case within the requirements of either of those cases. In each of those cases it is held that judgments are impeachable for those frauds only which are *extrinsic* to the merits of the case. In *Pico* v. *Cohn*, it was said that "the fraud which Cohn committed was the production of perjured evidence in support of his defense"; but the court refused to set aside the judgment.

In *Allen* v. *Currey*, 41 Cal. 318, 321, a case almost identical with the one before us, it is said: "The fraud imputed to the defendant is his alleged failure to disclose at the trial the fact that he had authorized the plaintiff to bid in the land in his own name and for his own benefit; but it is said that instead of admitting this fact, as he ought to have done, the defendant denied it, when testifying in his own behalf; and it is proposed to prove the truth of this allegation by the testimony of Emeric, in addition to that of the plaintiff himself." It was held that the action, which was in the nature of a bill of review to set aside the judgment, would not lie; that if a judgment could be set aside as fraudulent upon such a showing, litigation would be interminable. (See also *In re Griffith*, 84 Cal. 113, and *Pico* v. *Cohn*, 91 Cal. 135,[2] and cases cited.)

Respondents also make the point that a court of equity will not entertain a bill of review for a new trial after the time within which an appeal or writ of error may be prosecuted. This contention is sustained by the following cases: *Allen* v. *Currey*, 41 Cal. 321; *Whitney* v. *Kelley*, 94 Cal. 154;[3] *Thomas* v. *Harvie*, 10 Wheat. 146; *Evans* v. *Bacon*, 99 Mass. 213. Whether a bill of review to set aside a judgment or decree for fraud discovered after the limitation above stated (which is not statutory, but is fixed in analogy to the statute limiting the time for appeals), is not considered, as that question does not arise in the present case.

In view of the foregoing, it is not necessary to notice other grounds of demurrer pointed out by respondents.

The judgment should be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Henshaw, J., McFarland, J., Temple, J.

---

[2] 25 Am. St. Rep. 159.          [3] 28 Am. St. Rep. 106.