GEORGE FRED WILLIAMS, Exr., *et al., vs.* JOSEPH U. STARKWEATHER, Admr.

PROVIDENCE—MARCH 23, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Bill of Review. Equity. Limitation as to Time of Filing.*
Opinion in *Williams* v. *Starkweather*, 24 R. I. 512, affirmed.

(2) *Ignorance of Law by Non-Resident Executor.*

It is the duty of a non-resident who voluntarily assumes the office of executor in this State to acquaint himself with the statutes which direct and control his official actions.

BILL OF REVIEW on facts set forth in same case decided in 24 R. I. 512. Heard on demurrer to amended bill, and demurrer sustained.

PER CURIAM. The decree which this bill seeks to review was entered February 2, 1900, and this bill was filed August 4, 1902. Upon demurrer to the original bill, it was held that this court has no jurisdiction to entertain a bill of review filed more than one year after the entry of the decree which it seeks to reverse.

(1) The argument for the complainant upon the amended bill is, for the most part, addressed to the merits of the bill itself. The court decided that, regardless of the merit or demerit of the case, the bill was filed too late. So far as the complainant's argument deals with this question, the considerations submitted have been discussed and weighed by the court before rendering the opinion reported in 24 R. I. 512. The cases now cited to this point do not weaken the conclusion of the court that in Rhode Island the rule has been adopted not to entertain a bill of review for correction of a final decree unless the bill of review is filed within one year after the decree has been entered. In *Lytton* v. *Lytton*, 4 Brown Reports (Eden), 441, decided in 1793, it is stated that the general rule then in force in England forbade a bill of review to be brought to reverse a decree after twenty years. The Massachusetts cases favor the rule we have adopted. *Plymouth* v. *Russell Mills*, 7 Allen, 438, was a bill to set aside an award on the ground of fraud, and has no direct application here. In *Evans* v. *Bacon*, 99 Mass. 215, it is said: "It is true there is no statute of limitation fixing a precise period of time after which the right to file a bill like the present is barred. But the limitation of a year for writs of review affords a close and forcible analogy."

Towards the close of our opinion the remark is made that this rule has not deprived the complainant of any substantial

right, because the objections which he urges were known to him when the decree was entered.

(2)     This remark might with equal propriety be made with respect to the excuses for delay recited in the amendment to the bill.   All of the circumstances now urged were known to the complainant, either when the decree was entered or shortly afterwards.   He knew what the decree was immediately.   He found in March, 1900, that it was, too late to represent the estate insolvent.   His attempt to get relief from the General Assembly was frustrated March 29, 1900, and nothing since then has changed his rights or liabilities.   He could have filed his bill of review within six months after the obnoxious decree was entered, with substantially the same allegations which he urges to-day.   If the rule were flexible, then we see no special circumstances in this case to require it to be relaxed.   The complainant insists with considerable urgency upon his ignorance of Rhode Island law;  but, while this might be a valid plea from a foreigner who had unwittingly transgressed some arbitrary regulation of our law, it is manifestly the duty of any person, who voluntarily assumes the office of executor, to acquaint himself with the statutes which direct and control his official actions.

The demurrer to the amended bill is sustained.

*Charles E. Gorman*, for complainants.

*Edward D. Bassett*, for respondent.