JAMES F. STEVENSON

*v.*

EMMA V. STEVENSON.

*Opinion filed December 22, 1906.*

1. BILLS OF REVIEW—*bill should be filed within five years in absence of good reason for further delay.* By analogy to the period of limitation for prosecuting a writ of error, a bill to review a decree should be filed within five years from the time the decree was rendered, unless good reason is shown for further delay.

2. SAME—*what will not excuse delay to file bill of review.* That the papers or files in the original case were lost or were in the possession of the solicitor of the other side does not excuse a delay of more than five years in filing a bill of review, as such an obstacle could easily have been removed.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. O. P. THOMPSON, Judge, presiding.

ROBERT H. PATTON, for plaintiff in error.

CHARLES A. BARNES, and JOHN J. REEVE, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On May 18, 1898, plaintiff in error, James F. Stevenson, filed his bill in the circuit court of Morgan county against his daughter, the defendant in error, Emma V. Stevenson, in which he alleged that he was the owner of certain real estate in Jacksonville, Morgan county; that on July 26, 1896, the sheriff of that county sold said real estate to defendant in error in satisfaction of two judgments which had been rendered against him; that said real estate was worth $3500 and was sold for $132.28; that afterwards, unknown to the plaintiff in error, said sheriff issued a pretended certificate of purchase to the defendant in error, and thereafter, on October 28, 1897, executed to her a pretended deed for the same; that at the time of the issuance of said execution plaintiff in error was the owner of personal property, over and above all encumbrances and legal exemptions, amply sufficient to satisfy said execution if he had had notice of the existence of the same; that when he learned of said pretended levy, sale and deed he tendered to the defendant in error the purchase money paid by her, with interest and costs, and requested her to convey and release to him said real estate, which she refused to do. Defendant in error filed her answer, in which she denied that plaintiff in error was the owner of the real estate, or that any fraud was practiced, or that he was entitled to the relief sought. The cause was referred to a master to take the evidence and report his conclusions of law and fact. The master, by his report, recommended that the bill be dismissed for want of equity, and

a decree was entered accordingly at the November term, 1898. On December 12, 1904, plaintiff in error filed this bill for the purpose of reviewing the decree rendered at the November term, 1898. He set up the proceedings in the former case and again sought to have the conveyance set aside. On January 28, 1905, he amended his bill, and attempted to excuse his delay in not sooner filing the same by alleging that the files in the original case had been lost or been concealed by the solicitor for defendant in error, and without them it was impossible for him to get the data from which to file the bill. Defendant in error demurred to the bill as amended, which demurrer was sustained and the bill dismissed for want of equity. Plaintiff in error elected to stand by his bill, and an appeal has been prosecuted to this court.

The sole question is as to the ruling of the court in sustaining the demurrer. There are several reasons why the decree must be sustained, any one of which is conclusive of the case, but we deem it sufficient to consider only one of them. The original decree was rendered at the November term, 1898. The bill of review was filed December 12, 1904, a period of over six years after the rendition of the decree. No time has been prescribed by statute within which a bill of review must be brought, but writs of error are required to be sued out within five years from the time a judgment or decree has been rendered, and, in analogy to the time prescribed for prosecuting writs of error, it has been held that a bill of review should be brought within the time allowed for suing out a writ of error unless some very clear reason is shown for the delay. (*Sloane* v. *Sloane,* 102 Ill. 581; *Allison* v. *Drake,* 145 id. 500; *Jackson* v. *Jackson,* 144 id. 274.) Plaintiff in error seeks to explain the delay by the allegation of his amended bill to the effect that the papers in the case were lost or in the possession of the solicitor on the other side. It is very apparent from this amendment that he knew all the time that his property had been sold

and a deed issued. There were many ways in which he might have overcome the difficulty even if the facts were as alleged. He could have supplied the files, or filed a petition asking for an order upon the solicitor to surrender the papers, or he could have filed a bill within the five years and then amended it, thus preventing the bar by lapse of time. He, however, did not see fit to do any of these things but was content to sit idly by until his rights were barred. The reasons for the delay urged were wholly insufficient, and the bill was for this reason properly dismissed.

The decree will be affirmed.

*Decree affirmed.*