MARY SCOTT WOODS ET AL. V. ABAM M. CHEESEBOROUGH ET AL.

[48 South. 613.]

EQUITY. *Laches. Suit to vacate final decree.*

A bill in equity to vacate a final decree cannot be maintained where it was not filed until three and one-half years after the complainant became fully advised of the facts of which it is predicated, although it be not technically a bill of review and no statute of limitation be applicable.

FROM the chancery court of Marion county.

HON. THADDEUS A. WOOD, Chancellor.

Mrs. Woods and others, appellants, were complainants in the court below; Cheeseborough and others, appellees, were defendants there. From a decree in defendant's favor complainants appealed to the supreme court. The facts are stated in the opinion of the court.

*C. G. Mayson* and *Cross, Lovelace & Ross,* for appellants.

Appellees' contention is that the bill and amended bills of review are not maintainable. Equity is defined to be the system of justice administered by the high court of chancery in England. *Smith v. Everett,* 50 Miss. 575.

Assuredly then if the English system prevails in this state the mode of procedure in the application of that system must also obtain except as modified from time to time by legislative enactments or decisions of courts of last resort. We take it then, that the system of equity pleading prevailing in England has been established in this state except as modified.

"There are two cases," says Mr. Justice Story, quoting with approval the ordinances of Lord Chancellor Bacon, "in which a bill of review is permitted to be brought. First: Where it contains error in law appearing in the body of the decree, without further examination of matters of fact, Second: or of some new

matter which has arisen after the decree and not any new proof which might have been used when the decree was made." Story's Eq. Pl. sec. 404.

It is to be borne in mind that during the pendency of the first suit the appellee, Southern Pine Company, sold the land to appellee, Cheesborough. Appellee, Cheesborough, was then not a party to the first suit, but it developed that it became necessary to impeach the decree of 1896. This could only be done by an original bill. Story's Eq. Pl. sec. 426.

However, if by analogy it be held that the limitation prescribed in Code 1892, § 2757, Code 1906, § 3111, is to be applied. Surely the limitation should not begin to run until after appellees had knowledge of the existence of the decree of 1896. The cause was pending five years before the decree of 1896 was rendered; appellee might well suppose that it would be continued indefinitely, or at least for five years longer.

That the decision in *Hardy v. Hartman,* 65 Miss. 504, 4 South. 545, cannot, in this cause, be invoked as *res adjudicata* or *stare decisis,* see *Adams v. Railroad Company,* 77 Miss. 194, 24 South. 200, 317, 28 South. 956, and particularly on pages 278, *et seq; Railroad Co. v. Adams,* 81 Miss. 90, 32 South. 937.

In a late case in the United States circuit court of appeals it was held that the act of 1873 validated the acts, deeds, etc., of the Pearl River Improvement and Navigation Company and that its vendees would be protected. *Hall v. Southern Pine Co.,* 105 Fed. 84.

*T. M. Miller* and *Alexander & Alexander,* for appellees.

Lapse of time alone is sufficient to bar this suit and requires the affirmance of the final decree from which the appeal is prosecuted. *Brooks v. Spann,* 63 Miss. 198.

Argued orally by *T. M. Miller* and *C. H. Alexander,* for appellees.

FLETCHER, J., delivered the opinion of the court.

In October, 1891, the Southern Pine Company, appellees' predecessor in title, filed a bill in the chancery court of Marion county against appellants, dealing with the identical lands here in controversy. The Southern Pine Company claimed by virtue of patents issued by the state of Mississippi subsequent to 1871, and appellants claimed title by virtue of the Pearl River Investment & Navigation Company act of 1871, dealt with in the case of *Hardy v. Hartman,** 65 Miss. 504, 4 South. 545. The case was continued from term to term, at some of which orders were taken and pleadings filed, until the July term, 1896, when a final decree was rendered on "original and amended bill of complaint, and exhibits and documentary evidence, and the answer and cross-bill and exhibits thereto, and the answer to cross-bill and exhibits," upholding and confirming the title of the Southern Pine Company to all the lands now in controversy and canceling the title of appellants to the same. This decree was not appealed from within the two years allowed by the law for taking appeals. In 1902, six years after the rendition of this final decree, appellants, defendants in the former proceeding, filed their original bill against the successors in title of the Southern Pine Company, seeking a cancellation of the same title involved in the previous litigation. Being met by a plea of *res adjudicata,* appellants in 1904 filed their amended bill, seeking to have the decree of July, 1896, set aside because the attorney in charge of the earlier litigation was too ill to give the case the proper attention.

It is shown that notice of the fact of the attorney's illness came to the knowledge of appellants in January, 1901, three and one half years before it was sought to set the decree aside.

* The views of the Federal courts on the question decided in *Hardy v. Hartman* may be seen by reference to *Bradford v. Hall,* 36 Fed. 801, and *Southern Pine Co. v. Hall,* 105 Fed. 84, 92, S. C. 180 U. S. 639, where a writ of certiorari was denied.

In this state of facts there is no escape from the authority of *Brooks v. Spann,* 63 Miss. 198, and an attentive examination of that case will show that it can make no difference whether the amended bill is or is not technically a bill of review. Furthermore, we do not think there is such diligence shown by appellants in this case as would entitle them to vacate the former decree, even though no statute of limitations barred the way. We cannot see our way clear to go further than this, and decide the other important and interesting questions presented, since the action of the court in upholding the plea of *res adjudicata* disposes of the case.

*Affirmed.*