## MARY C. ADAMS

*v.*

## ALFRED ADAMS, JR.

[Submitted January 18th, 1910. Decided February 3d, 1910.]

1. Upon a petition for leave to file a bill of review in a suit for alimony under the Divorce act, setting forth, among other things, that the final decree theretofore entered therein (upwards of three years before the filing of such petition) was void upon its face for the reason that it discloses that it was entered upon and wholly by reason of a stipulation made in open court, and not upon the testimony of witnesses examined in the cause—*Held*, (1) that if such decree is void upon its face, no leave of court is necessary to file a bill of review; and (2) that such contention cannot be sustained.

2. Such decree is not in any sense a decree for divorce, but is merely a money decree authorized by the statute in any case where a husband abandons his wife or separates himself from her, and refuses and neglects to maintain and provide for her.

3. When in such case a defendant, in open court, consents to the entering of a decree for the payment of alimony, he confesses the truth of the averments of the bill, and the decree will be supported to whatever extent it is justified by the averments of the bill.

. 4. Leave of the court to file a bill of review is necessary only when new evidence has been discovered, and none being suggested, in the absence thereof, a bill of review, unless it attacks a decree as void on its face, must be filed within the period for taking appeals from final decrees.

5. The present petition alleging that the defendant is unable at the time of the filing thereof to pay the amount which the decree requires, will be entertained as a petition for a modification of the decree.

6. A counter motion being made by the complainant for the enforcement of the decree in respect of alimony in arrears under the decree, the bringing such petition to a hearing will only be allowed upon the terms of payment by the petitioner of all such arrearages, in default of which proceedings for contempt will be taken.

On petition for leave to file bill of review.

*Mr. Ulysses G. Styron,* for the petitioner.

*Messrs. Gaskill & Gaskill, contra.*

LEAMING, V. C.

November 11th, 1904, complainant filed a bill against defendant for alimony under the then twentieth (now twenty-sixth) section of the Divorce act. The bill sets forth, in addition to the refusal of the defendant to provide for complainant, a series of acts of physical violence upon the part of defendant which compelled complainant to leave defendant's home for her personal safety; and also sets forth, in further justification of her conduct in leaving her husband's home, instances of criminal conduct on the part of defendant with women, and especially with one Minnie L. McLarren who, the bill avers, had recently given birth to a child which had been begotten by defendant, and which defendant had threatened to bring to his home and adopt and compel complainant to care for.

The answer filed by defendant denies the several averments of the bill touching his wrongful conduct, and charges complainant with improper conduct with other men, especially with one Morrow.

A replication was filed by complainant and the suit came on regularly for hearing before Vice-Chancellor Grey, September

19th, 1905, and a decree for alimony was on that day advised, in which it was decreed that the complainant was entitled to alimony to be paid by defendant to the amount of $2,500 per year, and in which the defendant was directed to pay that sum in quarterly installments, in advance, and to give bond for the faithful performance of the decree.

On March 31st, 1909, a petition was presented in behalf of defendant for leave for defendant to file a bill of review to open the decree above referred to, and to permit him to defend the original suit on its merits. That petition sets forth that the decree above referred to was entered without proofs being taken in support of the bill, but upon a stipulation made in open court and consented to by the solicitors of the respective parties; and further sets forth that defendant was induced to consent to the decree in the hope that, by avoiding the publicity incident to a trial, he could subsequently induce complainant to return to him and resume her marital relations with him. The petition further sets forth that since the entry of the final decree above referred to, defendant has made repeated efforts to induce complainant to resume her marital relations with him, but without success; that all payments provided for in the decree have been made; that defendant's resources have become so much reduced that he is unable longer to comply with the terms of the decree; the petition also reiterates the charges against complainant which were contained in defendant's original answer, and prays that leave be granted to defendant to exhibit a bill of review, and that the final decree be opened and petitioner let in to defend said suit on its merits, and to allege in said defence his changed financial condition; and also prays that the part of the decree providing for the payment of alimony be vacated upon the continued refusal of complainant to return to petitioner's home, and for general relief.

Complainant's answer to this petition denies the averments of improper conduct on her part, and denies any changed financial condition upon the part of defendant, and points out that the charges made by defendant in said petition are the same as those which were made in the answer filed by him prior to the entry of the decree; and also points out that the time has

elapsed within which the decree can be opened by a bill of review; and also sets forth that in 1907 a similar application was made to vacate the decree, and to reduce the amount of alimony, and that that application was denied. The petition and answer are both accompanied by sundry affidavits of verification.

Defendant now urges, in support of his present application, that the decree is void on its face, for the reason that it discloses that it was entered upon and wholly by reason of a stipulation which was made in open court, and not upon testimony of witnesses examined in the cause. In answer to that contention it may be said that if the decree is void upon its face, no leave of court is necessary to file a bill of review. The contention, however, if considered, cannot be sustained. The decree is not in any sense a decree for divorce, but is purely a money decree authorized by the statute in any case where a husband abandons his wife or separates himself from her and refuses and neglects to maintain and provide for her. When, in such case, a defendant in open court consents to the entry of a decree for the payment of alimony he confesses the truth of the averments of the bill, and the decree will be supported to whatever extent it is justified by the averments of the bill. Leave of court to file a bill of review is necessary only when new evidence has been discovered. No new evidence is suggested; in the absence of new evidence, a bill of review, unless it attacks a decree as void on its face, must be filed within the period for appeals from final decrees. I am, therefore, unable to discern any theory upon which leave to file a bill of review is either necessary or proper.

Another circumstance should, however, be considered. If the decree now attacked can be regarded as void because unsupported by testimony taken at the hearing, that defect is cured by subsequent proceedings which have been taken, which proceedings are fully set forth in the answer and affidavits the complainant has filed in response to the present petition. If necessary, an order may be made at any time amending the decree by reason of the matters which have since transpired in the same cause. The subsequent proceedings here referred to consisted of a petition, similar to the present petition, filed in behalf of defendant April 15th, 1907, wherein it was set forth

that the decree herein referred to was entered by virtue of a stipulation and not upon testimony, and that defendant was constrained to consent to the decree in the hope of securing, in that manner, a reconciliation with complainant. The petition asserted that the averments of the answer which was filed to the bill were true: it also set forth that since the making of the decree defendant had demeaned himself in a proper manner, and had sought the return of complainant, and that it was the duty of complainant to return to him; it also set forth that the defendant had, since the date of the decree, sustained heavy financial losses, and that if the decree should not be set aside, the amount of alimony should be reduced.

An answer was filed to that petition and the matter came on for hearing before me upon the testimony of witnesses who were examined in open court September 10th, 1907. In order that I should not be compelled to depend upon my memory touching the scope of that investigation, I have caused a transcript of the proceedings to be made by the stenographer who reported the case, which transcript I now have before me. At that hearing it became entirely apparent from the testimony that the charges made by complainant in her original bill to the effect that defendant had maintained criminal relations with Minnie Mc-Larren, and that a child was born as the result of such criminal relations shortly before complainant left defendant's home were true. It also appeared that since the decree for alimony defendant had adopted that child and taken the child to his home. The demeanor of defendant on the witness stand, while under cross-examination touching these charges, clearly disclosed his guilt, notwithstanding repeated denials made by him; finally, however, he tacitly admitted their truth, as follows:

"*Q.* You believed it was your own child, didn't you, Mr. Adams?
"*A.* I don't think I can answer that question very—such a complicated affair, I would have to say no.
"*Q.* You mean that this woman had so many admirers that you would not be able to tell whether you or somebody else was the father?
"*A.* I have heard of her having three or four husbands. I really think that she is a married lady. Of course I don't know her ins and outs. It is difficult to state facts when you are not posted on the matter."

George W. Jackson also testified to statements of defendant, in which defendant admitted his illicit relations with a woman, and defendant did not deny the truth of Mr. Jackson's testimony. On the testimony adduced at that hearing, I refused to vacate or modify the decree, and advised an order to that effect.

I will, at this time, deny the application of defendant for leave to file a bill of review for the reasons stated.

It is, however, entirely clear that a decree for alimony is at all times subject to the control of the court. The section of the statute under which the present decree was made, as well as the corresponding section of the present act, provides that the decree "may be made for such time as the nature of the case and the circumstances of the parties render suitable and proper in the opinion of the court," and for the court "from time to time to make such further orders touching the same as shall be just and equitable." In this view, I think the present petition should be entertained as a petition for a modification of the decree. The petition asserts that defendant is at this time unable to pay the amount of alimony which the decree requires. On that claim defendant is entitled to be heard, and the present petition may be brought on for hearing for that purpose. As to the claim of defendant that complainant should be denied further alimony by reason of her refusal to resume matrimonial relations with defendant, I think it sufficient to say that if complainant left defendant's home on account of his adultery, she cannot be required to condone that offence, and I do not think it proper for this court in this case again to review that question.

The present petition was filed one day before an installment of alimony was due, and no payments have been made since that time. A counter motion is now made by complainant for the enforcement of the decree by proceedings for contempt. The privilege of defendant to bring on his petition to hearing can only be allowed by the payment by him of all alimony which is due under the terms of the decree. Unless that payment is at once made, the necessary proceedings for contempt will be taken.