W. K. ZEWADSKI, *Appellant*, v. J. M. BARKSDALE, AS TRUSTEE FOR CLYDE WATKINS AND CLARA WATKINS, CLYDE WATKINS, CLARA WATKINS AND B. F. BRASS, *Appellees*.

Opinion Filed December 17, 1923.

1. A bill of review based upon errors apparent in the record must ordinarily be brought within the time limited by statute for taking an appeal from the decree sought to be reviewed. Trust Co. v. Grant Locomotive Works, 135 U. S. 207.

2. A bill of review was filed November 3, 1921. The decree sought to be reviewed was entered September 17, 1920, and enrolled, according to the allegations of the bill, on or about the 16th day of October, 1920. Demurrer to the bill was sustained on the ground that the time for bringing bill of review had elapsed. The alleged errors are apparent on the face of the record. *Held*: Not error. No time having been prescribed by statute for bringing bills of review, in the absence of a showing of a clear reason for the delay, such as complainant's disability, for errors apparent on the record in analogy to the time prescribed for taking appeals, a bill of review should be brought within six months after the entry of the decree sought to be reviewed.

This case was decided by Division B.

An Appeal from the Circuit Court for Marion County; W. S. Bullock, Judge.

Affirmed.

*L. W. Duval,* for Appellant.

*H. M. Hampton,* as amicus curiae.

WEST, J.—This is an appeal from an order sustaining a demurrer to a bill of review. The bill, answer and final decree in the original suit are set out in full in the bill of review. It is alleged that "said decree your orator insists is erroneous and ought to be reviewed, reversed and set aside for many apparent errors and imperfections, inasmuch as it appears by your orator's answer that the trust deed under which the complainants in said bill claim title was void and of no effect, and that the legal title never having passed from D. G. Watkins, Sr., individually to D. G. Watkins as trustee, that the said D. G. Watkins, Sr., was the owner in fee of the lots and parcels of land levied upon and sold under the execution as mentioned and set out in said bill of complaint, and that orator herein becoming the purchaser at said execution sale, obtained the legal title of said lots and parcels of land in said bill mentioned, and that the complainants in said bill were without title of any nature either legal or equitable at the time of the filing of the bill, and that the said final decree was erroneous in decreeing that the said Clyde and Clara Watkins were the owners of an undivided one-third interest each in and to the said lots and parcels of land therein described; for that the only title to the lots and parcels of land in said bill of complaint alleged to be in complainants was the pretended trust deed executed by D. G. Watkins, Sr., and wife, to D. G. Watkins, trustee, and the said deed being void, as to D. G. Watkins as trustee of said property designated in said trust deed was by the terms of said trust deed given possession,

control, the beneficial use and uncontrolled dominion over the supposed trust property, with uncontrolled power to dispose of same absolutely at his discretion, no trust being by said deed created, and no title passing out of D. G. Watkins individually to D. G. Watkins as trustee, no decree ought to have been made or grounded thereon, but the said bill ought to have been dismissed for the reasons aforesaid.''

The bill was demurred to upon grounds, among others, that it contains no equity, laches of complainant, failure to allege facts sufficient to show complainant entitled to relief prayed, that it does not show error of law in entering the decree, that the facts alleged do not show the trust deed described to be void, and that the decree is not subject to review except upon appeal.

The court in sustaining the demurrer held that the time for filing a bill of review had expired and the case could not therefore be prosecuted. It is from this order that the appeal is taken. The bill of review was filed November 3, 1921. The decree sought to be reviewed was entered on September 17, 1920, and enrolled, according to the allegations of the bill, on or about the 16 day of October, 1920.

There is no statutes in this state fixing the time within which bills of review may be filed, but the general rule, both in England and in the various jurisdictions of this country, is that for errors apparent on the record a bill of review should be brought within the time allowed for an appeal or writ of error except for some very clear reason, such as complainant's disability. 21 C. J. p. 729; 3 Enc. of Pl. & Pr. 583; Central Trust Co. v. Grant Locomotive Works, 135 U. S. 207; Fraenkle v. Cerecedo, 216 U. S. 295; Thomas v. Brockenbrough, 10 Wheaton 146, 6 L. Ed. 287; Stevenson v. Stevenson, 224 Ill. 482, 79 N. E. Rep. 608; Genz v. Genz, 254 Ill. 161, 98 N. E. Rep. 272; Steen v.

March, 132 Cal. 616; 64 Pac. Rep. 994; Holloway v. Safe Deposit & Trust Co., 122 Md. 620, 90 Atl. Rep. 95; Adams v. Adams, 77 N. J. Eq. 123, 79 Atl. Rep. 683; Woods v. Chesborough, 95 Miss. 63, 48 South. Rep. 613.

In announcing this rule the Supreme Court of the United States, in Thomas v. Brockenbrough, *supra,* said: "These principles seem to apply with peculiar strength, to bills of review, in the courts of the United States, from the circumstance that Congress has thought proper to limit the time within which appeals may be taken in equity causes, thus creating an analogy between the two remedies, by appeal and a bill of review, so apparent that the court is constrained to consider the latter as necessarily comprehended within the equity of the provision respecting the former. For, it is obvious that if a bill of review to reverse a decree, on the ground of error apparent on its face, may be filed at any period of time beyond the five years limited for an appeal, it will follow that an original decree may, in effect, be brought before the supreme court for re-examination, after the period prescribed by law for an immediate appeal from such decree, by appealing from the decree of the circuit court upon the bill of review."

It is true that the order sustaining the demurrer recites that there is no error on the face of the record of the original suit, but it is obvious, from the allegations of the bill, that the crux of the controversy is the question of the validity of the trust deed described and that the alleged errors relied on by the complainant are errors apparent on the record.

The bill of review was filed after the expiration of the time allowed for an appeal. The time within which a bill of review might have been prosecuted having expired, the

demurrer presenting this question was properly sustained. The order appealed from will be affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.