JOHN QUEE v. FLORENCE B. BREED, a Widow, J. H. PRATT and ANNIE M. PRATT, his wife.

165 So. 56.
Division B.
Opinion Filed January 3, 1936.

*Harry Katz,* for Appellant;

*Fred B. Noble* and *S. S. Blondheim,* for Appellees.

TERRELL, J.—In June, 1932, appellee filed her bill of complaint against appellant in the Circuit Court for Duval County to foreclose a mortgage on described real estate. A final decree was in due course entered, the property was sold, the sale confirmed, and by writ of assistance the defendant was dispossessed and the complainant placed in possession.

On December 30, 1933, more than eight months subsequent to the entry of the final decree in the foreclosure suit, the appellant as complainant who was defendant therein filed his bill of review praying that the final decree of foreclosure be reviewed, reversed, and set aside because the order appointing the special master had never been enrolled and filed in the office of the clerk of the Circuit Court or recorded in the minute book or the chancery order book, as a result of which appellant had suffered manifest injury.

A motion to dismiss was granted and this appeal was taken therefrom.

It appears from the record that the final decree of foreclosure sought to be reviewed was entered April 21, 1933, and the bill of review was filed December 30, 1933, more than eight months later. The rule in this State is that bills of review based upon the record must be brought within the time for taking appeals or writs of error which is six months. It, therefore, appears that the bill of review in this case came too late. Zewadski v. Barksdale, 86 Fla. 552, 98 So. 590.

Aside from this question, however, it is our view that orders appointing special masters are not required to be recorded in the minute or chancery order books.

Section 1, Chapter 11992, Acts of 1927, being Section 4949, Compiled General Laws of 1927, among other things, provides that orders appointing general or special masters need not be recorded in the minutes of the court or the chancery order book.

Appellant contends that Section 4949, Compiled General Laws of 1927, was repealed by the repealing clause of Section 78, 1931 Chancery Act, it being in conflict with Section 54 of said Act. Appellee contends, on the other hand, that the repealing clause of Section 78, 1931 Chancery Act, is mere surplusage and contributes nothing to the repealing effect of that Act because all prior inconsistent laws are by force of the Act repealed by implication.

The order involved in this case was that appointing a special master in chancery under Section 57, 1931 Chancery Act. General masters in Chancery are appointed under Section 54, 1931 Chancery Act, which in terms requires that the order appointing them be recorded in the chancery order book. Section 57, providing for the appointment of special

masters in chancery, carries no such provision and there appears to be no warrant otherwise to require it, while Section 4949, Compiled General Laws, *supra,* provides that it may not be done.

The judgment below is accordingly affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.