## CHRISTY ANN MacKAY v. ROGER W. BACON

20 So. (2nd) 904                                 January Term, 1945
February 20, 1945                                        Division A
Rehearing denied March 6, 1945

R. C. Prescott and W. C. Finch, for appellant.

Edwin T. Osteen and W. J. Lake, for appellee.

ADAMS, J.:

On July 14, 1942, a final decree of foreclosure was entered upon constructive service of process wherein Christy Ann MacKay was plaintiff and Roger W. Bacon was defendant. On May 24, 1944, Bacon procured permission of the court, which entered the foreclosure, to file a bill to vacate the decree of foreclosure upon the ground that reasonable diligence was not exercised to learn of his address and place of residence as a prerequisite to obtaining constructive service of process. The court denied a motion to dismiss the bill; an answer was filed and testimony was taken. Upon final hearing the prayer of the bill was granted and Mrs. MacKay has appealed.

She questions the right to file the suit inasmuch as the time for appeal had long since expired and cites among other cases Zewadski v. Barksdale, 86 Fla. 552, 98 So. 590; Quee v. Breed, 122 Fla. 316, 165 So. 56; Dennis v. Ivey, 134 Fla. 181, 183 So. 624. These cases do not control in this case because this bill is more in the nature of a bill to impeach the foreclosure decree for fraud practiced in the procurement of service of process. See Hall v. Hall, 93 Fla. 709, 112 So. 622, and Florida Chancery Pleading and Practice by Kooman, page 483, Sec. 199.

She also claims that Bacon has forfeited his right to upset the decree by his delay. This claim provokes the question whether the foreclosure decree was void or voidable. If it were void, then delay by Bacon could not help it. If it were voidable, then undue acquiescence by Bacon would cure the defect. The defect was not apparent on the face of the record in the foreclosure proceeding and consequently the decree was not void, but voidable. See Bryant v. Bryant, 101 Fla. 179, 133 So. 635. The record shows no change in the status of the parties or the property that would prejudice Mrs. MacKay and the delay has, in no way, harmed her.

The next question is whether the chancellor abused his discretion in weighing the evidence. It is not a question what we might decide from the evidence, but can we say from a study of the evidence the decree was clearly erroneous? The chancellor is the tryor of facts and we exercise the function of a court of review to search for error, if any, in his finding. The evidence discloses that Mrs. MacKay purchased a $3500.00 mortgage (that had been paid down to about $850.00) for $800.00, which had long been in default. The mortgage covered property just across the street from her and was owned by Bacon who had lived on the adjoining property for many years. Mrs. MacKay knew Bacon, the maker of the mortgage and the owner of the property. She purchased the mortgage in the early part of 1942. The foreclosure suit was filed on April 20, 1942, but the affidavit for constructive process was not made until May 21, 1942. Bacon went to Washington, D. C., in February, 1942, leaving a tenant in his home until some time in May, 1942. Mrs. MacKay was told by her attorney that it would be necessary to obtain Bacon's address. She inquired at the post office and was told that if she wished to write him she could mail the letter and if a forwarding address had been left that it would be sent on to him. Mrs. MacKay said she inquired of a maid at the Bacon home who had formerly worked for Bacon, and that the maid promised to give her the address but never did. This is contradicted by the maid.

Mrs. MacKay's attorney from time to time had written Bacon at the local address and one letter was registered. None of the letters was returned and the return card from the registered letter was signed by the tenant of the Bacon home. When the clerk issued the order for constructive service of process Mrs. MacKay's attorney directed that a copy be mailed to Bacon by registered mail, with directions to deliver to addressee only. Her attorney made considerable inquiry but we do not think it would be helpful to detail his efforts as we are satisfied with the chancellor's conclusion that:

"The evidence discloses that Mrs. MacKay and her attorney made inquiry at many places in Palm Beach to ascer-

tain the whereabouts of Roger Bacon. Their investigation was undertaken with persistence but was approached in an indirect and circuitous manner. The plainest course was to inquire of the tenants at Bacon's home. Notwithstanding that Mrs. MacKay had to do no more than step across the street, this was never done. Her attorney undoubtedly realized the value of such inquiry since he asked Mrs. MacKay to find out who was in the house. Mrs. MacKay replied that she 'didn't know those people, that they were newcomers and were tenants and she seldom saw them, but that she did know the maid there very well.' The tenants in Bacon's home knew his place of residence in Washington so that they were able to communicate with him when desiring an extension of the lease. It would be the natural and logical thing for one interested in Bacon's whereabouts to make inquiry at his homeplace, and, in his absence, to inquire of those then in possession as his tenants. Mrs. MacKay neglected to do this. Under the circumstances she failed to make 'diligent search and inquiry' as required by law."

We find no error and the decree is affirmed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.