134 So.2d 281 (1961)
Jacquetta W. HARTLEY, Appellant,
v.
Howard W. HARTLEY, Appellee.
No. 2066.
District Court of Appeal of Florida. Second District.
October 25, 1961.
Rehearing Denied November 20, 1961.
*282 Richard Kanner, Clearwater, for appellant.
John R. Bonner of Wolfe & Bonner, Clearwater, for appellee.
SMITH, Judge.
The wife, appellant here, Jacquetta W. Hartley, was granted a final decree of divorce in 1953 from the husband, appellee, Howard W. Hartley. The decree ordered monthly installments of alimony. In 1960, the husband petitioned the court for modification alleging substantial change in circumstances. He sought termination of all alimony. Notice of hearing on the petition was mailed to the wife on April 12, 1960, at her address in Gainesville, Florida. Pursuant to the notice, hearing was held on April 19th, which resulted in an order directing the husband to pay to the wife the sum of $400, representing alimony installments past due, with the provision that, upon such sum being paid, the final decree was modified to terminate any and all alimony.
The wife was not present, nor was she represented by counsel at the hearing. The husband paid the sum of $400 to the wife, which she accepted, and on the next day, the wife filed a motion to quash the order alleging lack of jurisdiction. This motion was denied by order entered on May 10th. Then, on June 4th, the wife filed a motion to vacate the order alleging that, at the time of the mailing of the notice of hearing to her, on April 12th, she was in New York City; that the notice was forwarded from Gainesville to New York where she received the notice on April 20th, the day after the hearing; and that she has a meritorious defense to the petition for modification and has been deprived of her right to present it. The motion was supported by affidavits detailing the facts alleged. The wife's motion to vacate the order was denied by the chancellor, and it is from this latter order that the wife appealed.
*283 The husband contends that the chancellor lost jurisdiction of the cause upon the entry of the order terminating alimony, in view of the fact that no petition for rehearing was filed within the time provided by Rule 3.16, Florida Rules of Civil Procedure, 31 F.S.A. It is true that the first petition filed by the wife was, in effect, a petition for rehearing not filed within the time provided by this Rule and was, therefore, properly denied by the chancellor. However, the petition to vacate was not controlled by this Rule. Our courts have held in a great number of cases that, in such instances as we have here, the remedy by way of motion to vacate is available. Sawyer v. Gustason, 1928, 96 Fla. 6, 118 So. 57; State ex rel. Lorenz v. Lorenz, 1942, 149 Fla. 625, 6 So.2d 620; MacKay v. Bacon, 1945, 155 Fla. 577, 20 So.2d 904; Vega v. Vega, Fla.App. 1959, 110 So.2d 29.
A motion to vacate or set aside a judgment or decree is addressed to the sound legal discretion of the trial court on the particular facts of the case. Its determination will not be disturbed on appeal unless it is plain that its discretion has been abused. Sawyer v. Gustason, supra. In proceedings to modify a final decree of this nature, the other party is not entitled to actual service of process, but is unquestionably entitled to an adequate and proper notice of the new proceedings. This means that the adverse party is entitled to adequate notice and opportunity to be heard before such decree may be altered in a manner that will directly affect her person, status, or property. Moore v. Lee, Fla. 1954, 72 So.2d 280. This notice may be by mail and its sufficiency in each particular instance should be tested by its reasonableness and by the adequacy of the opportunity afforded the opposing party to be heard and to defend against the petition for modification. Kosch v. Kosch, Fla. 1959, 113 So.2d 547.
Irrespective of the above, the husband contends that the wife is estopped from challenging the validity of the order terminating the alimony payments because she accepted the sum of money ordered to be paid as a condition precedent to the effectiveness of the order. It is a wellsettled doctrine that, where a party recovering a judgment or decree accepts the proceeds thereof, voluntarily and knowing the facts, that party is estopped to afterwards seek a reversal of the judgment or decree. However, this doctrine is not applicable where there is no controversy as to the amount awarded by the judgment, and the party is entitled to that much in any event. Then, the acceptance by the party of such uncontroverted sum so awarded by the judgment is not a bar to an appeal. McMullen v. Fort Pierce Financing & Construction Co., 1933, 108 Fla. 492, 146 So. 567; and White v. Spears, Fla.App. 1960, 123 So.2d 689. The final decree of divorce ordered the payments. The husband admitted the past-due installments had not been made, and they constituted vested property rights of which the wife could not be deprived except by due process of law. Van Loon v. Van Loon, 1938, 132 Fla. 535, 182 So. 205. The husband was deprived of any standing in a court of equity to seek a modification until he complied with the terms of the original order, or unless he showed that he had an inability to pay due to reasons not within his control or his making. English v. English, Fla.App. 1960, 117 So.2d 559. The acceptance of the pastdue installments of alimony by the wife is not a bar to her appeal and does not estop her from challenging the validity of the order terminating the alimony.
We, therefore, hold that the wife was not afforded an adequate opportunity to be heard and that the chancellor erred in denying her petition to vacate the order terminating the alimony, and this cause is reversed with directions to vacate the order without prejudice, however, to the right of the husband to a hearing on his petition to modify after reasonable notice and opportunity to be heard has been given to the wife.
*284 Appellant's petition to fix and allow attorney's fees to appellant's attorney for services rendered in this appeal is granted, and the sum of $200 is hereby allowed.
ALLEN, Acting C.J., and WHITE, J., concur.